Bourne *v.* Ward.

EDWARD E. BOURNE & al., *Ex'rs, versus* CHARLES WARD.

When a note is silent as to consideration, in a suit between the original parties, the plaintiff, to be entitled to recover, should aver and prove a consideration:

But, if the note contains the words "value received," or words of equivalent import, the note itself will be evidence, not only of the promise, but, *prima facie*, of the consideration:

*Thus,* a note given to L., for a specified sum, "*for his three-sixteenth interest in the Thorn & Co. acceptance for $7000, given on account of barque Waverly and remaining unpaid,*" is sufficient evidence, *prima facie*, of consideration.

EXCEPTIONS from the ruling of WALTON, J., at *Nisi Prius.*

ASSUMPSIT upon a contract in writing.

*Bourne & Bourne, jr.,* in support of the exceptions.

*J. Dane, contra.*

The opinion of the Court was drawn up by

WALTON, J. — This is an action on a promissory note, and comes before the Court on exceptions to the ruling of the presiding Judge in directing a nonsuit. The defence is want or failure of consideration. The nonsuit was directed upon the ground that the plaintiff had failed to prove a consideration. The plaintiff contends that the ruling was wrong in holding that he was required to prove a consideration. He contends that, in actions on promissory notes, a consideration is presumed and need not not be proved. Negotiable notes, when they have passed into the hands of indorsees, in the usual course of trade, enjoy the privilege of having a consideration presumed. But notes not negotiable, and notes that are negotiable while in the hands of the original promisee, enjoy no such privilege. *Bristol* v. *Warner,* 19 Conn., 7; *Delano* v. *Bartlett,* 6 Cush., 364; *Burnham* v. *Allen,* 1 Gray, 496.

When a note contains the words "value received," or words of equivalent import, the note itself will be evidence, not only of the promise, but, *prima facie*, of the conside-ra

tion. But, when the note is silent as to the consideration, in a suit between the original parties, the plaintiff must aver and prove a consideration, or he will not be entitled to recover. There are *dicta* and, perhaps, decisions to the contrary, but reason and the weight of authority are in favor of the rule as here stated.

The note in suit is not negotiable, nor does it contain the words "value received," but the plaintiff contends that it contains words of equivalent import; and in this we think he is right. The note is as follows :— " Six months from date, I promise to pay Thomas Lord, the sum of six hundred fifty-six $\frac{25}{100}$ dollars, *for his $\frac{3}{16}$ interest in the Rollin Thorn & Co. acceptance, for* $7000, given on account of barque Waverly, and remaining unpaid." It is contended in defence that, although this note very clearly points out and identifies the consideration, it does not acknowledge the receipt of it, —that the whole language, taken together, amounts to no more than a proposition or offer to pay the sum therein named for Lord's interest in the acceptance referred to. But we think the note cannot be construed as a mere proposition or offer. We think it contains an unconditional promise " to pay" for Lord's interest, which implies an indebtedness on the part of the promisor, for that interest, and that it had been transferred to him. We think the note alone is sufficient, *prima facie*, to prove, not only the alleged promise, but also the consideration.

*Exceptions sustained.*

*Nonsuit taken off.*

*New trial granted.*

APPLETON, C. J., DAVIS, KENT and DICKERSON, JJ., concurred.