## FELT *v.* JUDD.

NON-NEGOTIABLE PAPER, PLEADING CONSIDERATION OF.—A promise in writing to pay money not under seal, and which by its terms is not negotiable, does not import a consideration; and in an action thereon, a complaint which fails to allege the consideration thereof does not state facts sufficient to constitute a cause of action.

APPEAL from the first district court. The opinion states the facts.

*E. D. Hoge* and *T. Burmester,* for the appellant.

The court erred in overruling defendant's demurrer to

plaintiff's complaint, and consequently the judgment should be reversed.

The complaint is radically defective and will not support a judgment. As a precedent, it is a model, and proclaims its own insufficiency with graphic perspicuity. It is as follows: "The plaintiff complains and alleges that at Tooele, in the Territory of Utah, on or about the month of April, 1880, the defendant made, executed, and delivered to the plaintiff his promise in writing, whereby he promised to pay to the plaintiff at Huntsville, Utah Territory, the sum of one hundred dollars on or before the first day of January, 1881. That defendant has not paid the same or any part thereof, wherefore plaintiff prays," etc.

"In all cases of simple contracts, except bills of exchange, promissory notes, and instruments under seal, the rules of pleadings require that the complaint shall contain an averment of a consideration for the defendant's promise, or the promise will appear to be a *nudum pactum:*" Ch. Pl., 13th Am. ed., 293, and cases there cited; 1 Estee's Pl. 183; 2 Till. & Shear. Pr. 89.

There is no statute in Utah that has changed this rule of pleading.

*A. B. Taylor* and *N. Tanner, jun.,* for the respondent.

No brief on file.

TWISS, J.:

This action was commenced in the first district court, to recover the sum of one hundred dollars and interest thereon. The plaintiff in his complaint alleges that the defendant at Tooele, in this territory, in the month of April, 1880, "made, executed, and delivered to the plaintiff his promise in writing, whereby he promised to pay to the plaintiff at Huntsville, Utah Territory, the sum of one hundred dollars on or before the first day of January, 1881. That defendant has not paid the same or any part thereof," wherefore he prays, etc.

To this complaint the defendant demurred, alleging as the ground of demurrer that the "complaint does not contain a statement of facts sufficient to constitute a cause of action."

The allegation setting forth the written promise of the defendant to pay the plaintiff one hundred dollars shows a non-negotiable promise, not under seal, and without consideration. It is a principle of the common law that has come down to us from its earliest days, that such a promise can not be enforced at law, as it is a promise without motive or inducement; it is a promise of something for nothing, from which the law protects the promisor. A promise not sustained by a consideration is a naked promise, and whether in writing or not, an action can not be sustained upon it: *Eddy et al.* v. *Roberts,* 17 Ill. 507; Parsons on Contracts, 353.

It was necessary that the complaint should set forth a consideration legally sufficient to support the promise; without such an allegation the complaint shows only a *nudum pactum,* a void promise, not enforceable at law, and liable to the ground of demurrer assigned—that it does not state facts sufficient to constitute a cause of action. For without an allegation of a valid consideration the complaint is as futile as the promise it sets forth: Moak's Van Santvoord's Pl. 164; Ch. Pl., 13th Am. ed., 293.

It is true that negotiable promissory notes for value received import a consideration, and when read in evidence a *prima facie* consideration is proved; but the paper described in the complaint, if a promissory note (about which we express no opinion), shows neither negotiability nor a consideration, and is not within the rule applicable to negotiable paper or instruments under seal: *Bourne* v. *Weld,* 51 Me. 191; *Mandervill* v. *Welsh,* 5 Wheat. 276; Parsons on Notes and Bills, 175; *Bristol* v. *Warner,* 19 Conn. 7.

The ruling of the court in overruling the application of the defendant for a change of the place of trial from the first to the third district court, upon the alleged grounds that the cause of action originated in the third district, is not such error as entitled the defendant to a reversal of that ruling, for the reason that the complaint contains no cause of action originating in either district.

The judgment of the district court is reversed and the cause remanded, with directions to sustain the demurrer to the complaint.

HUNTER, C. J., and EMERSON, J., concurred.