STATE OF NEBRASKA, EX REL. FRANK T. EMERSON, RELATOR, V. CHARLES T. DICKINSON, RESPONDENT.

59 753<br>62 781

FILED MARCH 7, 1900.    No. 10,965.

1. **Correct Conclusion:** REASONS IMMATERIAL. It is immaterial whether the court gives a good or a bad reason for its conclusion. If the court has reached the correct decision, its judgment will not be disturbed.

2. **Award:** ISSUES. The relief awarded by a court must respond to the issues and be within the case made by the pleadings.

3. **Finding:** PERSONAL JUDGMENT: MANDAMUS. A finding in an equity cause which does not respond to the issues, and which is, at plaintiff's instance, treated as, and declared to be, advisory only, will not warrant the court in rendering a personal judgment against the defendants; and in such case mandamus will not lie to compel the court to render a personal judgment in favor of the plaintiff on such finding.

ORIGINAL application for mandamus. *Writ denied.*

*Joel W. West,* for relator, argued that the relator was entitled to the writ, citing: Moses, Mandamus, pp. 41, 51; High, Extraordinary Legal Remedies, par. 235, 236. As to the question of appearance conferring jurisdiction: *Porter v. Chicago & N. W. R. Co.,* 1 Nebr., 14; *Cropsey v.*

52

*Wiggenhorn,* 3 Nebr., 108; *Crowell v. Galloway,* 3 Nebr., 215; *Hilton v. Bachman,* 24 Nebr., 505; *Bucklin v. Stickler,* 32 Nebr., 602; *Hurlburt v. Palmer,* 39 Nebr., 158; *South Omaha Nat. Bank v. Farmers & Merchants Nat. Bank,* 45 Nebr., 29.

Counsel for respondent say that, if the court was in error in that regard, the error might be corrected by error proceedings. However, an analysis of the situation disclosed that the error lay back of the refusal to do the act which it was sought by the proceeding to command, and in such cases, and particularly where the refusal was based upon a supposed want of jurisdiction, it had been repeatedly held that mandamus was the appropriate remedy. See *People v. Swift,* 59 Mich., 529.

*Hall & McCulloch, contra,* argued that, if the findings and judgment were error, error proceedings would correct, but mandamus proceedings would not reverse, citing *State v. Nemaha County,* 10 Nebr., 32; *State v. Churchill,* 37 Nebr., 702; *State v. Laflin,* 40 Nebr., 441; *State v. Holmes,* 38 Nebr., 355; *State v. Merrell,* 43 Nebr., 575.

Sullivan, J.

This is an application for a mandamus to compel the respondent, one of the judges of the fourth judicial district, to render judgment favorable to the relator on special findings made in the case of Emerson v. Stimmel et al. pending in the district court of Douglas county.

The facts which form the basis of our decision are as follows: Frank T. Emerson and Phil Stimmel were the sole members of a mercantile partnership which was found to be insolvent in January, 1894. The Omaha National Bank and Montgomery, Charlton & Hall had recovered judgments against Mr. Stimmel and had caused executions to be levied on the partnership property. To prevent a sale under these executions and to secure the application of firm assets to the payment of firm debts,

Emerson commenced an action against his partner, the judgment creditors of the latter, and the sheriff of Douglas county. The prayer of the petition was for an accounting, for the appointment of a receiver and for an injunction to prevent a sale of the property taken on the executions. After issues had been joined, the plaintiff asked leave to file a supplemental petition showing that the bank and Montgomery, Charlton & Hall had converted the partnership property taken under their executions, and demanding judgment against them for its value. This application was denied, and, on the theory that the judgment creditors were entitled to a jury trial on the question of conversion, the action as to them was dismissed. Afterwards a referee was appointed to audit claims against the insolvent partnership, to state an account between the partners and make a report as to the assets of the firm. The referee found that the property taken on execution as aforesaid was partnership property, that it had been converted by the judgment creditors to their own use, and that the causes of action arising out of such conversion were firm assets. Thereupon the court, at the instance of the plaintiff, appointed a receiver and directed him to proceed at once by action, or otherwise, to collect all of the partnership assets. Acting in obedience to this order, the receiver sued separately the Omaha National Bank and Montgomery, Charlton & Hall to recover the value of the partnership property alleged to have been converted by them. After these suits were instituted, the defendants therein, by leave of court, intervened in the equity case, and asked that the receiver be discharged, that certain orders claimed to have been collusively made be set aside, and for other relief. Emerson answered the pleadings of the interveners and prayed as follows:

"Wherefore, they pray that the relief asked for by the interveners, be denied; that their application for a temporary injunction be denied. And they further pray that the report of the referee on file in this cause as far as it

passes upon the claims of creditors of said partnership, be established and confirmed, and that the amounts found due the several claimants, as therein set forth, be established, and that said several claimants have judgment for said several respective amounts, and that the report of said referee finding as to the assets and the liability of the interveners, the Omaha National Bank and Montgomery, Charlton & Hall be held to be advisory only and as affording good and sufficient grounds for the appointment of the receiver herein with instructions to sue said parties at law for the recovery of said assets. That the appointment of the receiver heretofore made herein, be established and confirmed, as having been providently and properly made, and that the receiver be required and directed to proceed with the law actions now pending against the interveners on the law side of this court."

On May 26, 1899, the court, on motion of the interveners, permitted them "to withdraw and dismiss their said petition of intervention and answer and cross-petition of intervention, without prejudice." The cause then proceeded to trial, and the court, having the report of the referee before it, made the following finding: "The court further finds that there should be recovered in this suit, from the defendant, the Omaha National Bank, the said sum of $85,886.20, and from the defendants, Montgomery, Charlton & Hall, the sum of $5,714.00, for the use and benefit of the several claimants of the partnership, consisting of Phil Stimmel and Frank T. Emerson, and further finds that whereas, Frank A. Agnew, has been duly appointed as receiver herein; that it will best conserve orderly procedure and the ends of equity that the said intervening creditors who have proved their claims as set out in this decree, should have and recover herein through the said Frank A. Agnew, receiver, and in his name, judgment against the defendant, the Omaha National Bank, for the sum of $85,886.20, and against the defendants, Montgomery, Charlton & Hall, for the sum of $5,714.00, together with the costs of this action. But

in that behalf, the court further finds, that by reason of the order of the court, entered May 26th, 1899, by which the said defendants, the Omaha National Bank and Montgomery, Charlton & Hall, had leave to withdraw and dismiss their petition of intervention filed May 4th, 1897, and their answer and cross-petition of intervention, filed October 7th, 1897, that thereby the court lost jurisdiction over the said defendants, the Omaha National Bank and Montgomery, Charlton & Hall, and thereby lost jurisdiction to enter a default and a personal judgment against the said defendants, the Omaha National Bank and Montgomery, Charlton & Hall, upon the foregoing findings; and that but for want of such jurisdiction, defaults and personal judgments should and ought to be entered in favor of the said Frank A. Agnew, receiver and against the said defendants and each of them according to the above and foregoing findings; and the motion of the plaintiff, in open court for default against said defendants and for judgment upon and in accordance with said and above and foregoing findings, and against the defendants, the Omaha National Bank and Montgomery, Charlton & Hall is therefore hereby overruled, to which the plaintiff excepts, and each of the several intervening creditors separately except and the receiver, Frank A. Agnew, excepts." The decree contains, among other things, a direction to the receiver to diligently prosecute the law actions which he had commenced and which were then pending.

The contention of the relator is that judgment should have been rendered in the equity case against the Omaha National Bank and Montgomery, Charlton & Hall, based on the finding above quoted; and we are asked in this case to set aside the decision of the district court on the question of jurisdiction and enter a peremptory command for a decree in favor of the receiver. Whether the court gave a good or a bad reason for its action is not material. If a correct conclusion was reached, the decision must be approved regardless of the reason that induced it. Con-

ceding that the dismissal filed by the interveners did not divest the court of jurisdiction over their persons, we are of opinion, nevertheless, that a judgment against them grounded on a conversion of partnership assets would have been unwarranted and could not be sustained. Such a judgment would be entirely outside of any issue tendered by the petition or any other pleading filed by Emerson in the case. It would be an adjudication upon a matter not involved in the suit. It is a rule everywhere recognized by courts administering our system of jurisprudence that the relief awarded by a court must respond to the issues—must be within the case made by the pleadings. See *Kitchen Bros. Hotel Co. v. Hammond,* 30 Nebr., 618; *Whitney v. Levon,* 34 Nebr., 443; *Lincoln Nat. Bank v. Virgin,* 36 Nebr., 735; *Rockford Watch Co. v. Manifold,* 36 Nebr., 801; *Ross v. Summer,* 57 Nebr., 588. It is not enough that some portion of the record discloses a right to the relief granted; the right must be shown in the appropriate way. "No judgment," remarked Danforth, J., in *Truesdell v. Sarles,* 104 N. Y., 167, "can be given in favor of a plaintiff on grounds not stated in his complaint, nor relief granted for matters not charged, although they may be apparent from some part of the pleadings or evidence." Emerson tendered no issue as to the conversion of partnership assets. He attempted to do so, but his effort in that direction was unsuccessful. The court denied his application for leave to file a supplemental petition, and thus excluded from the case the question which counsel now insists has been tried and resolved in relator's favor. The findings that the bank and Montgomery, Charlton & Hall were liable for conversion of partnership assets was treated as advisory only; and of this the relator can not justly complain, for it was in accordance with the prayer of a pleading which he had filed in the case, and which he had not withdrawn. The facts stated in the finding above set out were not found on the trial of an issue between the relator and the execution creditors. There was no such issue to try in the equity

cases. The court had previously ordered that the ques-
tion of conversion be tried and determined in other suits.
That order had not been rescinded. It was still in force,
and law actions had been commenced and were pending
to carry it into effect. The court very clearly did not in-
tend to make a finding that would have any binding force
as to the bank and Montgomery, Charlton & Hall; and
had judgment been rendered against them on that find-
ing, it would, under the circumstances, be the obvious
duty of this court, in a direct proceeding, to set it aside.
Admitting relator's contention in regard to personal ju-
risdiction, the writ should be, and it is, denied.

WRIT DENIED.