ESTATE OF MARGARET L. McKENNA, DECEASED, V. SARAH A. McCORMICK.

. FILED OCTOBER 3, 1900.  No. 9,259.

1. **Order of Probate Court:** STATUTE: VACATION OF ORDER: ALLOWANCE OF CLAIM: VACATING ORDER. An order of a probate court, entered under the provisions of subdivision 3 of section 602 of the Code of Civil Procedure, vacating an order allowing a claim against an estate made at a prior term, is appealable, and from it an appeal may be taken to the district court.

2. **Statute:** PROBATE MATTERS: APPEAL: PROPER PARTY. By section 42, chapter 20, Compiled Statutes, 1899, in all probate matters an appeal is allowed from any final order, judgment or decree of the county court to the district court by any one against whom the order, judgment or decree is made, or who is affected thereby.

3. **Judgment:** PROCEEDING TO VACATE: STATUTE. Whether or not a proceeding to vacate a judgment or order comes within the provisions of subdivision 3 of section 602 of the Code is to be determined from the grounds upon which the application is based as disclosed by the record.

4. **Entry:** MISTAKE: NEGLECT: OMISSION: JUDGE ACTING AS CLERK. Under the evidence, *held* that the entry, by the probate judge, acting as his own clerk, on the records of the probate court, of the judgment sought to be vacated was not an act of "mistake, neglect or omission of the clerk," within the meaning of said subdivision 3, section 602.

5. **Irregular Judgment.** An irregular judgment is one which is rendered contrary to the course of law and the practice of the courts.

6. **Judgment:** FRAUD: REMEDY: PETITION: SUMMONS: LIMITATION. Where it appears from the records that the ground for vacating a judgment. is that it was fraudulently obtained, by reason of which a party was prevented from defending, the remedy is by instituting proceedings to vacate the judgment, by filing a petition duly verified and having summons issued thereon, such action to be begun within two years from the date of the judgment. A motion filed to vacate the judgment on the ground of irregularity will not lie after the lapse of the time mentioned.

ERROR to the district court for Sarpy county. Tried below before SLABAUGH, J. *Affirmed.*

*I. J. Dunn* and *J. J. O'Connor*, for plaintiff in error.

*A. E. Langdon* and *Martin Langdon*, contra.

HOLCOMB, J.

On September 20, 1892, an order allowing a claim against the estate of Margaret L. McKenna, plaintiff in error, and in favor of Mrs. Sarah A. McCormick, defendant in error, was entered by the probate court of Sarpy county. Because of an alleged informality or defect in the form of the order of allowance, litigation between the estate and the claimant resulted, wherein it was determined by this court, in *McCormick v. McCormick*, 53 Nebr., 255, that the said judgment or order of allowance was, in all respects, a valid and binding judgment against the estate. During the pendency of the suit first brought to test the validity of the judgment, proceedings were instituted by the administrator to vacate and annul the order allowing the claim, under the provisions of section 602 of the Code of Civil Procedure. The motion to vacate the order allowing the claim was filed September 3, 1895, and was based upon the following grounds: "First, that the order of allowance was obtained and entered through an irregularity, namely, that said order was entered as of Sept. 20, 1892, after the hearing of said claim had been continued for a period of 30 days, and was also entered without judgment of allowance ever having been had on said claim. Second, said order purporting to have been an order of allowance, and purporting to have been made Sept. 20, 1892, and entered in record "C," at page 466, was entered through mistake of said county judge acting as clerk of said county court of Sarpy county." In support of the motion is an affidavit of the administrator, who says that he was at the office of the county judge on September 20, 1892, and that no hearing was had on said claim, and that no parties appeared on behalf of the claimant at the hour set, and

that he waited until the hour of 2 o'clock, when the said county judge announced that the hearing on said claim, and all other matters connected with the estate, would be continued until October 25, 1892; that on October 25 he was again present and, under substantially the same circumstances as before, the judge again continued the hearing until December 26, 1892; that on December 26 the office of county judge was not open, and he went to the residence of the county judge and inquired about the claim, and was informed by the county judge that the claim was or would be disallowed, and that the administrator need do nothing about it unless he got notice. The purported conversation with the county judge on December 26, at his residence, is corroborated by the affidavit of another witness. It is also claimed, in the affidavits in support of the motion, that the estate was not indebted to the claimant in any sum whatever. After the allowance of the claim, and before motion was filed to vacate the judgment, the county judge who allowed the claim had died. Upon a hearing of the motion to vacate the order of allowance, which was had before a special county judge appointed for that purpose, the motion was sustained, and an order entered as requested, vacating the judgment of allowance. An appeal was taken to the district court, where, upon a hearing, the action of the county judge was reversed, and the special proceedings to vacate the order allowing the claim dismissed. The administrator urges in this court that the district court erred in entertaining the appeal from the county court, on the ground that the order of vacation entered by the county judge is not appealable. The contention is not regarded as tenable. By section 42, chapter 20, Comp. Statutes, 1899, in all probate matters, appeals shall be allowed from any final order, judgment, or decree of the county court to the district court by any one against whom the order, judgment or decree is made, or who may be affected thereby. The section has been construed in conformity with the views herein expressed

in *Bazzo v. Wallace*, 16 Nebr., 293, and in *Malick v. Estate of McDermot*, 25 Nebr., 267.

It is next claimed that the finding and judgment of the district court are contrary to law, and not supported by the evidence, and that the order of vacation by the probate court appealed from should have been affirmed. These proceedings are claimed, and evidently were intended to be regarded as brought under the third subdivision of section 602 of the Code of Civil Procedure, relating to the vacation of judgments and orders after the terms in which they are rendered. By this subdivision and other sections to which it is related a judgment or order may be vacated or modified, by motion, upon reasonable notice to the adverse party or his attorney in the action, "for mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order," if proceedings are begun for that purpose within three years.

Whether or not the grounds upon which the application is based in the present case come within the provisions of the section quoted must be determined from the record before us. The mere *ipse dixit* of the parties that such is the case will not suffice. One of the grounds upon which the motion is made, is that the order of allowance was entered without a judgment of allowance ever having been had. This question has already been decided on the prior appeal, and the order adjudged to be a valid and complete judgment in all respects. *McCormick v. McCormick, supra.*

The ground urged in the second paragraph of the motion is also untenable. The only evidence of the rendition of the judgment is the record itself. This record was made by the probate judge acting as his own clerk. It can hardly be said that such an entry is an act of "mistake, neglect, or omission of the clerk," within the meaning of the subdivision quoted.

We are thus brought to the only remaining ground mentioned in the motion, viz., "irregularity in obtaining the judgment or order." Can it be said that this was

obtained by irregularity, as contemplated by subdivision 3, of section 602? In 1 Black, Judgments, sec. 170, it is said: "An irregular judgment is one which is rendered contrary to the course of law and the practice of the courts"; and in section 326, volume 1, the author further says: "It is a general rule that the court in which a judgment was rendered may vacate it, on motion, at the same or a subsequent term, on proof that it was entered irregularly, and not according to the course of the court."

In 1 Freeman, Judgments, sec. 97, it is said: "A judgment is said to be irregular whenever it is not entered in accordance with the practice and course of proceedings where it was rendered." The irregularity here complained of is that the judgment was rendered after the case was continued. If this be true, and it was rendered inadvertently, the judgment was rendered "before the action regularly stood for trial," and a motion to vacate must be made in the first three days of the succeeding term. Code of Civil Procedure, sec. 604. The order of allowance was not entered irregularly in the sense that it was obtained contrary to the practice and course of proceedings had in such cases in the probate courts of the state. The notice to present claims against the estate had been given, and the claim in pursuance thereof had been filed for allowance. The time set for allowance of claims had arrived, and the court, in its regular course of procedure, was then empowered to act upon and allow the claim. The record shows no continuance and no application for one. If, however, as is attempted to be established by the affidavits filed in support of the motion to vacate the judgment, a continuance of the hearing of the claim was had, and notwithstanding such continuance a judgment was entered on the same day, and further continuances announced, as stated, when the judgment had already been entered, then a fraud was practiced on the administrator, whereby he was prevented from making a defense to the claim. In such a case, the remedy would be, if brought under the provisions of the

section under consideration, by filing a petition, duly verified, and having summons issued thereon, such action to be begun within two years from the date of the judgment sought to be vacated. A motion to vacate the judgment under subdivision 3 would not lie. By the proceedings had in this action, it is attempted by motion, supported by affidavits on the ground of alleged irregularity, to contradict and impeach the record of the judgment sought to be vacated. This, it occurs to us, can not be done in the absence of a charge of fraud in procuring the judgment; and if fraud is claimed, the remedy is by a different proceeding than in the present case.

From the record we are disposed to the view that the conclusion reached on the trial of the case in the district court is sustained by the evidence, and is in conformity with law. The judgment is accordingly

AFFIRMED.