G. GUTTERSON, ADMINISTRATOR OF THE ESTATE OF A. W. PETTERSON, DECEASED, ET AL. V. CHARLES MEYER ET AL.

FILED APRIL 30, 1903. No. 12,845.

1. **Void Judgments:** VACATING. The provisions of section 602, Code of Civil Procedure, apply to voidable, but not to void, judgments.

2. **Attachment:** NON-RESIDENT. The filing of a bond is not jurisdictional to the right to have an attachment issued against a nonresident defendant for a debt not due.

3. **Bill of Exceptions:** AFFIDAVITS. Affidavits filed in support of motions in the district court will not be examined by this court, unless properly incorporated in a bill of exceptions.

4. **Judgment:** FRAUD: REMEDY. Where a judgment is obtained by a fraudulent misrepresentation that induces the party to remain away from court to his injury, the remedy for vacating such judgment is not by a motion filed under subdivision 3 of section 602, Code of Civil Procedure, but by petition and summons under subdivision 4 of said section.

ERROR to the district court for Cedar county: GUY T. GRAVES, DISTRICT JUDGE. *Affirmed.*

*Gamble, Tripp & Holman,* for plaintiffs in error.

*John Bridenbaugh* and *Lohr, Gardiner & Lohr, contra.*

OLDHAM, C.

On November 22, 1899, plaintiffs in the court below filed their petition in the district court for Cedar county,

Nebraska, asking for a judgment against defendant A. W. Petterson, for goods sold and delivered, in the sum of $1,-095.70. At the same time an affidavit was filed by plaintiffs' attorney alleging the statutory grounds for an attachment for a debt not due, and also alleging that the defendant was a non-resident of the state of Nebraska. The application for an attachment was presented to the judge of the district court, and an order was made by the court granting the attachment, without bond, because the defendant was a non-resident of the state. A writ of attachment was accordingly issued and levied November 23 upon certain lands owned by defendant Petterson in Cedar County. December 23, 1899, Petterson died intestate. December 5, 1900, plaintiffs' attorney filed an application, duly verified, in the district court, suggesting the death of defendant A. W. Petterson; that said Petterson was a resident of South Dakota; that he had died intestate, leaving surviving him a widow, Louisa Petterson, and four minor heirs, naming them; that one Gutterson was the duly appointed and acting administrator of the estate of the deceased; and praying that each of these parties be made defendants, and that service might be had upon them by publication. The application was granted and service was accordingly procured against these defendants by publication. The widow and the administrator filed special appearances on February 25, 1901, objecting to the jurisdiction of the court. Before these objections were disposed of they also filed a motion to dissolve the attachment, supported by affidavits, alleging among other things that no bond had been given by the plaintiffs, and that the statement of facts in plaintiffs' affidavit was untrue. May 8, 1901, a guardian *ad litem* was appointed for the minor heirs of the deceased. An answer was filed for the minors, denying each of the allegations in plaintiffs' petition, and a motion was filed on this answer to discharge the attachment, for the same reasons as alleged by the widow and administrator. June 18, 1901, the motions to dissolve the attachment were overruled and the attachment sustained. On the following day

the court finally adjourned. Another regular term of the district court was held and finally adjourned in November, 1901. At the March term, 1902, of the district court, defendants filed a motion to set aside the judgment rendered on June 18, 1901, on the ground that the judgment and proceedings were taken against each of said defendants by default and also by mistake and irregularity. An answer for the widow and administrator was tendered with this motion. Affidavits were filed tending to support the claim that the widow and the administrator did not appear at the hearing of the motions on June 18, 1901, because they had relied on an agreement with plaintiffs' counsel that no action would be taken on the motions until after a sale of the property had been had to satisfy a first mortgage lien thereon. This motion was overruled by the court, and from this action defendants bring error to this court.

The foregoing statement of the proceedings, orders and judgments presented to us for review have been gleaned from a confused and unsatisfactory record, certified to by the clerk of the district court, from which, however, it is apparent that the plaintiffs in error are attempting to have a judgment reversed, after the term at which it was entered, under subdivision 3, of section 602, of the Code of Civil Procedure.

The first question urged by counsel for plaintiffs in error is, that the order of the district court granting an attachment, without bond, for a debt not due, was a void order, and that the court was, therefore, without jurisdiction of the subject matter of the controversy. If this contention were well founded, it would still leave the plaintiffs in error without any right to the relief sought by the motion before us for review, because the provisions of section 602, Code of Civil Procedure, were not enacted to relieve parties from the cloud of a void judgment, but were only intended to relieve from irregular and voidable judgments. *Kaufmann v. Drexel,* 56 Neb. 229; *Bankers Life Ins. Co. v. Robbins,* 53 Neb. 44.

While it is true that an allegation that defendant is a

non-resident of the state is not alone sufficient to authorize an attachment for a debt not due, yet where, as in the case at bar, this allegation is coupled with other allegations which do warrant an attachment for a debt not due, and where the order is granted by a proper court or judge thereof, as provided by section 238, Code of Civil Procedure, the right to proceed with or without bond is governed by the provisions of section 200, Code of Civil Procedure, and even if the court had misconstrued this section in holding that the allegation of non-residence of the defendant authorized the issuance of an attachment without a bond, such judgment would have been at most erroneous and not void. *O'Farrell v. Stockman,* 19 Ohio St. 296; *Simon v. Stetter,* 25 Kan. 155.

It is next claimed that the judgment was irregularly entered, because of the fact that plaintiff was permitted to amend his statement of account at the time the judgment was finally rendered, and in the absence of defendants. The amendment complained of was permitted to correspond to the proof offered; no new cause of action was incorporated in the affidavit for attachment, nor was there any amendment of such affidavit. The only amendment made was in the statement of plaintiffs' account for goods sold and delivered to the deceased defendant, and this merely to show when the different items actually became due; the amount of the claim was not increased or diminished by the amendment. We think the amendment was unobjectionable and is far short of such an irregularity as should vacate the judgment.

It is urged strongly that the plaintiffs in error were deceived by an understanding that no order would be made in the case at the June sitting of the court in 1901. Affidavits and counter-affidavits were filed on this allegation. None of these affidavits have been preserved in a bill of exceptions, but are strewn promiscuously through the transcript. If plaintiffs in error desired us to examine this testimony, they should have gathered these scattered affidavits, even as a hen gathers her chickens under her wings,

and incorporated them into a bill of exceptions properly authenticated; but this they have failed to do, and, under a well established rule of this court, we can take no notice of them.   Again, if the judgment in this case was rendered at the June sitting of the court, in the face of an agreement that the case should be continued, then, as was said by this court in *Estate of McKenna v. McCormick,* 60 Neb. 595, 599, "the judgment was rendered 'before the action regularly stood for trial,' and a motion to vacate must be made in the first three days of the succeeding term.   Code of Civil Procedure, section 604."   But this, as appears from the statement, was not done; the succeeding term was permitted to open and close, and no motion was filed until the second term of court after the judgment had been rendered. If plaintiffs in error were induced by the fraudulent misrepresentations of adverse counsel to remain away from court, to their injury, at the time the judgment was rendered, then their remedy would have been, as was said by HOLCOMB, J., in *Estate of McKenna v. McCormick, supra,* "by filing a petition, duly verified, and having summons issued thereon, such action to be begun within two years from the date of the judgment sought to be vacated.   A motion to vacate the judgment under subdivision 3 would not lie."

We are, therefore, of the opinion that the judgment of the district court in overruling the motion to vacate the judgment rendered on June 18, 1901, was right, and should be affirmed.

HASTINGS and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.