Baker v. Thomas.

---

PORTER C. BAKER, APPELLEE, v. VALENTINE THOMAS, APPELLANT.

FILED APRIL 12, 1918.   No. 19827.

1. Notes: CONSIDERATION: PLEADING. The words, "for value received," in a promissory note import a consideration, and in an action upon the note, although non-negotiable, consideration need not be alleged.

2. Fraudulent Sale: REMEDIES. One who has been fraudulently induced to enter into a sale contract may repudiate the contract, and, tendering back what he has received under it, may recover what he has parted with, or its value; or he may affirm the contract, keeping whatever property or advantage he has derived under it, and may recover in an action of deceit for damages caused by the fraud. As a general rule, he cannot treat the sale as void, in order to recover the price, and as valid, in order to recover damages, the remedies being inconsistent.

APPEAL from the district court for Scott's Bluff county: RALPH W. HOBART, JUDGE. *Affirmed.*

*Wright & Mothersead* and *A. A. Kearney,* for appellant.

*Morrow & Morrow* and *L. L. Raymond, contra.*

CORNISH, J.

Action upon a promissory note given in part payment for a patent right. The defense, besides deny-

102 Neb.—26

ing liability on the note, seeks judgment on a counter-claim for damages for fraudulent representations at the time of the purchase of an interest in that patent right. Judgment for plaintiff. Defendant appeals.

The defendant contends that the note as alleged is non-negotiable, and, there being no allegation in the petition that it was given for a consideration, no cause of action is stated. The note does, however, show that it was given "for value received." These words import a consideration, and the allegation was not necessary. 8 C. J. 867; *Bourne v. Ward*, 51 Me. 191; *Owens v. Blackburn*, 146 N. Y. Supp. 966.

The note contained a provision that it should be void if patent No. 724823 should not be issued. The patent had not issued when the note became due, and, when issued, bore a different number than its application number, above stated. It is argued that these facts made the note void. The evidence shows that the patent issued was the patent which the parties contemplated, and that the parties contemplated that there might be delay in the issuance of the patent. No objection was made because of the delay, but the defendant took and has since retained his interest in the patent. Neither of these objections constitutes a good defense to the note.

It is assigned as error that the court in its instructions required the defendant to show a total failure of consideration. There is no evidence of partial failure. The defendant got all that he bargained for, an interest in the patent. The fact, if it is a fact, that the patent did not turn out to be of the value that the parties anticipated, or that it did not have a value in the amount of the consideration paid, would not constitute a partial failure of consideration. The trial court was right in instructing the jury that, if they found that the patent was of substantial value, then there was a consideration for the note sued upon in the amount for which it was given.

One who has been fraudulently induced to enter into a sale contract may repudiate the contract, and, tendering back what he has received under it, may recover what he has parted with, or its value; or he may affirm the contract, keeping whatever property or advantage he has derived under it, and may recover in an action of deceit for damages caused by the fraud. He cannot treat the sale as void, in order to recover the price, and as valid, in order to recover damages, the remedies being inconsistent. *Alfree Mfg. Co. v. Grape,* 59 Neb, 777; *Sloan Commission Co. v. Fry & Co.,* 4 Neb. (Unof.) 647; 20 Cyc. 87.

In the instant case, the defendant, denying liability on the note, seeks to treat the note as void, and also to recover damages in the amount paid. He has never tendered back the interest in the patent right, assigned to him, nor was evidence introduced or offered from which the jury could find the difference in value between the patent right as it is and either the purchase price or what would have been its value if as represented. It may be that, if the thing purchased were entirely worthless, the law would not impose the obligation of tendering it back in order to rescind. The question whether the patent right was worthless was submitted by the trial judge to the jury, which found that it was not. The defendant, if he wished to rescind the sale for fraud, should have tendered back to plaintiff the patent right.

The defendant, in not tendering back, but still retaining, the patent right, could not claim rescission of the contract on the ground of fraud. In denying liability on the note sued on he did not affirm the contract. In seeking to recover back the consideration paid, and in not offering evidence from which the jury could find the actual or market value of the patent, if it had value, he appears to be attempting to rescind the contract, because, when one elects to stand upon his contract and recoup in damages for fraud, the measure of his recovery is what would have been the benefits to him of

the contract as made. The trial court, however, appears to have permitted evidence and submitted instructions bearing upon defendant's counterclaim for damages for fraud, limiting the evidence as to fraudulent representation to the representation that the patent was a good, automatic, working dam of practical use. The court, apparently upon the theory that such misrepresentation, if made, would not tend to show injury or damage to the defendant, did not permit evidence of the alleged misrepresentation that the plaintiff had already sold 1,000 of the patents and had an organized force of sales agents over the territory. While it is true that injury or damage, as a result of fraudulent representations, must be pleaded and proved, yet, where the question of fraud is in issue, the general rule is that any misrepresentation of a material fact relied on is admissible as bearing upon the fraudulent intent and inducement to purchase, whether it goes directly to the amount of damages sustained or not. However, if there was error in this respect, it was error without prejudice. The court did submit to the jury the question whether the patent right was of practical use for the purposes intended, and, under the pleadings and issues as made, this was the only issue of fact, touching value, necessary or proper to be submitted to the jury.

The judgment of the district court is

AFFIRMED.

LETTON and SEDGWICK, JJ., not sitting.