ANNA WEIDMAN, APPELLEE, V. HERBERT BARNES, DEFEN-
DANT: FRED DYSON, APPELLANT.

FILED MAY 15, 1923. No. 22376.

1. **Principal and Agent:** CONVERSION: MEASURE OF DAMAGES. Where
a party enters into a contract to purchase a farm and exchange
merchandise in part payment, and acts through an agent, and is
cheated and defrauded by the agent, and, when the fraud is dis-
covered, refuses to receive the land, and repudiates the contract
and sues the agent for conversion of the merchandise, which had
been delivered, and it is beyond the power of the agent to return
the property, the measure of damages is the fair market value of
the merchandise at the time and place of the fraudulent conversion.

2. **Trover:** MEASURE OF DAMAGES: FAILURE TO INSTRUCT. Where
there is a conflict in the evidence as to the value of the converted
property, it is reversible error to fail to instruct the jury as to the
true measure of damages.

APPEAL from the district court for Antelope county:
ANSON A. WELCH, JUDGE. *Reversed.*

*J. F. Boyd,* for appellant.

*Kelsey & Rice* and *Jackson & Rice, contra.*

Heard before MORRISSEY, C. J., DAY, LETTON and DEAN,
JJ., BUTTON, District Judge.

BUTTON, District Judge.

Appellee entered into a contract with Herbert Barnes
for the purchase of a farm for $20,800, trading in
thereon a stock of merchandise. Fred Dyson was agent
for appellee. The price of the merchandise was in-
flated, of which fact appellee had knowledge. The mer-
chandise was turned over to Barnes and appropriated
by him. Appellee repudiated the contract and started
action against Barnes and Dyson for the conversion of
her goods. Appellee alleged that Dyson and Barnes
entered into a conspiracy to cheat and defraud her out
of her property and consummated the conspiracy. Ap-
pellee claimed the value and quality of the farm was mis-
represented to her, and that she relied upon the rep-
resentations as true. At the trial Barnes was dis-
charged by the court, no appeal was taken, and he is

not now before this court. Appellee recovered judg-ment against Dyson for $4,973.60, a motion for a new trial was overruled, and Dyson appealed to this court.

The court instructed the jury that the measure of damages was the difference in the contract price, $20,800, and the reasonable market value of the land on October 30, 1920, but not exceeding the damage claimed, $6,000. This presents the only question before this court, and is: Was this instruction, a correct application of. the law under the pleadings and proof? We think not. Ap-pellee did not accept the farm and sue for the difference in the contract price and the reasonable value of the land on October 30, 1920. She repudiated the contract and sued for the conversion of her goods. The measure of damage was the reasonable market value of the goods at the time and place of the conversion.

What appellee could have done for herself, she could do through an agent. If she had traded with Barnes herself, without the intervention of an agent, her damage would have been as above. She might have concluded in her own mind that she must have a certain price for her goods; but when she consented to a trade she took chances. She did likewise when she permitted her agent to trade for her. The court found for Barnes, and must have held there was no conspiracy between Barnes and Dyson. Therefore, the basis of appellee's recovery, under the petition, was the fraud of Dyson. What did Dyson defraud her out of? Manifestly her goods. She might have told him not to accept less than a certain price for her goods; but, when she permitted him to inflate the value of the goods for the purpose of trade and became a party to the trade herself, she placed herself in the same position as though she had traded with Barnes herself, and he had defrauded her. If Dyson defrauded her by false statement and deception, he is liable for what he took from her, and, since the goods are not capable of return, her damage is the value of the goods at the time and place of the conversion.

Where a party enters into a contract to exchange merchandise for land, and acts through an agent, and is cheated and defrauded by the agent, and, when the fraud is discovered, repudiates the contract and sues the agent for conversion, and it is beyond the power of the agent to return the property, the measure of damages is the fair market value of the merchandise at the time and place of the fraudulent conversion. *Baker v. Thomas,* 102 Neb. 401. And where there is a conflict of evidence on a material issue, it is error not to submit the question to the jury. *Larsen v. Savidge,* 103 Neb. 79; *Fox v. Scandinavian Mutual Aid Ass'n,* 103 Neb. 117.

The giving of the instruction, adopting a wrong measure of damage, where the evidence was conflicting as to the value of the converted property, was reversible error.

REVERSED AND REMANDED.

The following opinion on motion for leave to remit was filed February 2, 1924. *Motion allowed.*

**Appeal:** REMITTITUR. When a remittitur will obviate an error resulting from an erroneous charge on the measure of damages, such remittitur, in the absence of other errors, may be accepted and the judgment affirmed, when the amount to be remitted is determinable from the evidence.

PER CURIAM.

In our opinion in this case reported, *ante,* p. 377, the judgment of the lower court was reversed and the cause remanded for further proceedings upon the sole ground that the jury were improperly instructed as to the measure of damages. We held that, the action being one in rescission, the measure of plaintiff's damages was the reasonable value of the stock of goods which the plaintiff turned over to the defendant in the trade.

The testimony on behalf of the plaintiff tended to show that the value of the stock was from $5,000 to $6,000. The lowest value on the stock and fixtures placed by defendant Dyson was $1,750 on the stock, and $800 on the fixtures, making a total of $2,550. One of defendant's witnesses placed the value of the stock at $1,500, but considered himself incompetent to testify

as to the value of the fixtures. Taking this witness' value of the stock at $1,500, and defendant Dyson's value of the fixtures at $800, gives a total value of $2,300. This was the lowest possible valuation of the stock and fixtures. Upon the trial the plaintiff recovered a judgment for $4,973.60.

After our opinion was handed down, the plaintiff filed a motion indicating that, rather than to go to the expense of a new trial, she is willing to file a remittitur from the judgment so that the judgment will equal the value of the stock and fixtures as fixed by the defendant and his witnesses.

As the issue of fraud was determined by the jury in favor of the plaintiff under proper instructions, we can see no objection in allowing the plaintiff to accept the lowest possible verdict which the evidence would warrant, rather than to go to the expense of trying again all of the issues.

In *Mullins Lumber Co. v. Williamson & Brown Land & Lumber Co.*, 255 Fed. 645, it is held: "Where a jury by its verdict has settled all issues in favor of plaintiff, but because of an erroneous instruction may have awarded excessive damages, an appellate court may properly permit the judgment to stand on remission by plaintiff of all above the lowest amount the evidence would warrant."

If plaintiff, within twenty days, shall file a remittitur of $2,673.60, the judgment of the district court will be affirmed; otherwise reversed.

AFFIRMED ON CONDITION.