## VIETTI v. JEFFRIES.

No. 5095. Decided April 16, 1931. (297 P. 1012.)

*Leslie Frazer*, of Salt Lake City, for appellant.

*A. C. Cole*, of Bingham Canyon, for respondent.

ELIAS HANSEN, J.

This action is founded on a complaint which reads as follows:

"The plaintiff complains of defendant and for cause of action against him alleges:

"1. That at Bingham, Salt Lake County, Utah, on or about September 15th, 1927, the said defendant made, executed and delivered to one Louis Miola his certain promissory note in writing whereby and wherein he promised to pay to the said Louis Miola twelve months after September 15, 1927, the sum of five hundred dollars.

"2. That thereafter, and before the maturity of said note, the said Louis Miola endorsed the said note and delivered the same to this plaintiff, who is now the owner and holder thereof.

"3. That the said defendant has not paid the said note or any part thereof, or any of the interest thereon, and the said note is and ever since September 15, 1928, has been wholly due, unpaid and owing.

"4. That this plaintiff has demanded of said defendant that he pay said note, but defendant refused and still refuses to pay it.

"Wherefore, plaintiff prays judgment against the defendant for the said sum of five hundred dollars, together with interest thereon at the rate of eight per cent. per annum from September 15, 1927, and for his costs and disbursements herein."

The defendant demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled and defendant given leave to answer. He failed to answer. His default was entered because of such failure and a judgment was rendered against him in favor of the plaintiff for the sum of $612.20. The defendant appeals. The appeal is upon the judgment roll. The sole question presented for determination is, Does the complaint state facts sufficient to constitute a cause of action? We are of the opinion that

the complaint is fatally defective. It will be observed that the complaint describes the instrument sued upon as a promissory note payable to Louis Miola. Unless the note contained words of negotiability, such as "or order" it was nonnegotiable. The note is not set up in the complaint nor attached thereto. In the absence of an allegation, we cannot assume that the note is negotiable, and the language of the complaint would seem to indicate that the note is nonnegotiable. Consideration for a negotiable instrument will be presumed, and it need not be alleged. Comp. Laws Utah 1917, § 4053. There is, however, no presumption that a consideration was given for a nonnegotiable instrument. In an action on an instrument not within the law merchant or the Negotiable Instruments Law a consideration must be averred either expressly or by showing an acknowledgment of a consideration on the face of the instrument. 8 C. J. 868. There is no allegation in the complaint which shows or tends to show that a consideration was given for the note sued upon. The complaint therefore fails to state facts sufficient to constitute a cause of action, and the demurrer should have been sustained. *Felt* v. *Judd*, 3 Utah 414, 4 P. 243.

The judgment is reversed, and the cause remanded to the district court of Salt Lake county, with directions to enter an order sustaining the demurrer. Appellant is awarded his costs on appeal.

CHERRY, C. J., and FOLLAND, STRAUP, and EPHRAIM HANSON, JJ., concur.