ALVENA PETERSEN ET AL., APPELLEES, V. EDWARD DETHLEFS, APPELLANT.

298 N. W. 155

FILED MAY 16, 1941. No. 31032.

*Gerald E. La Violette,* for appellant.

*Paul I. Manhart, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and YEAGER, JJ.

ROSE, J.

Alvena Petersen and Fred W. Heesch, plaintiffs, brought this action July 2, 1938, in the district court for Douglas county against Edward Dethlefs on a promissory note for $883.58, dated November 1, 1927. The note was payable to Louis Piittmann, now deceased, and Fred W. Heesch, but plaintiffs subsequently acquired the interest of Piittmann. The paper was an Iowa contract and contained a provision for an attorney fee under the law of Iowa in the event of litigation for recovery of the debt. The petition contained the plea that the action on the note was not out-

lawed because absence of defendant from Iowa prevented the statute of limitations from barring the claim of plaintiffs under the Iowa statute. The petition stated a cause of action on the note, but neither by plea nor prayer did plaintiffs ask for anything more than judgment for the debt, interest, costs and attorney fee.

By answer defendant denied each and every allegation in the petition.

A jury was waived. In advance of trial, defendant consented to the entry of judgment against him and did not appear to make a defense. The case was regularly called for trial March 27, 1939, and on that date the district court entered judgment against defendant for the following items: Debt and interest, $1,689.19; costs, $11.95; fees for plaintiffs' attorneys, $56.42. In addition to findings in favor of plaintiffs for these items the judgment recites:

"The court specifically finds that the consideration for the note in suit was moneys misappropriated by the maker from the J. R. Watkins Remedy Company in the breach of a fiduciary relationship between the defendant and that company, which the plaintiff, Fred W. Heesch, and the deceased Louis Piittmann was obligated to pay on behalf of the defendant."

Following the items recovered by plaintiffs, the judgment concludes:

"As for moneys misappropriated by the defendant from the J. R. Watkins Remedy Company, in the breach of a fiduciary relationship, which the plaintiff, Fred W. Heesch, and the assignors of the plaintiff, Alvena Petersen, had to pay for and on behalf of the defendant by reason of a fiduciary bond executed by them, and/or his assignor."

This objectionable matter was not mentioned by the trial judge in his minutes for findings and judgment in favor of plaintiffs for the items of debt recoverable. After expiration of the term of court at which the judgment was entered, defendant appeared and filed a motion to strike out of it and expunge from the record the matter identified

by the foregoing quotations as not within the pleadings, as beyond the power of the court to make thereunder and as void. Plaintiffs resisted the motion and upon a hearing thereon the district court made an order overruling it. From that order defendant appealed, there having been no objection to or appeal from the judgment on the note.

The petition shows on its face that the specific finding quoted and the other matter presented for review are wholly foreign to the case pleaded by plaintiffs. The offenses imputed to defendant were not mentioned in the pleadings. The note recites that it was given "for value received," and evidenced consideration. Other consideration was unnecessary under the circumstances. *Baker v. Thomas*, 102 Neb. 401, 167 N. W. 407.

By expiration of the term, did the district court lose power to strike the extraneous matters from its judgment? The statutory law is, for irregularity in obtaining a judgment, a district court has power to modify it after expiration of the term at which it was rendered. Comp. St. 1929, sec. 20-2001. Under the statute on this subject the general rule has been stated as follows:

"An irregular judgment is one which is rendered contrary to the course of law and the practice of the courts." *Estate of McKenna v. McCormick*, 60 Neb. 595, 83 N. W. 844.

A finding foreign to any pleading and not necessary to the relief grantable to any litigant in a case is contrary to the course of the law and the practice of the courts. It follows that the expiration of the term did not deprive the district court of power to sustain the motion. Should the motion have been sustained? A law text reads thus:

"A judgment which determines questions not within the court's jurisdiction because not in issue, is to that extent void, although the question decided may be within the general jurisdiction of the court." 15 Standard Ency. of Procedure, Judgments, p. 41.

The following rule is in force in this state:

"A judgment of a court upon a subject within its gen-

eral jurisdiction, but which is not brought before it by any statement or claim of the parties, and is foreign to the issues submitted for its determination, is a nullity." *Lincoln Nat. Bank v. Virgin,* 36 Neb. 735, 55 N. W. 218. To the same effect see, also, *State v. Dickinson,* 59 Neb. 753, 82 N. W. 16; *State v. Haverly,* 62 Neb. 767, 87 N. W. 959; *Banking House of A. Castetter v. Dukes,* 70 Neb. 648, 97 N. W. 805; *Jarmine v. Swanson,* 83 Neb. 751, 120 N. W. 437; *Branz v. Hylton,* 130 Neb. 385, 265 N. W. 16.

"So much of the judgment as is invalid should be vacated, and not permitted to encumber the record." *Higgins v. Vandeveer,* 85 Neb. 89, 122 N. W. 843.

The wholesome course of the law and the practice of the courts tend to keep scandal, findings of impertinent crimes and other extraneous matters out of court records in civil cases.

The order from which the appeal is taken is reversed and the cause remanded to the district court, with instructions to sustain defendant's motion and strike from the record the void findings and that part of the judgment foreign to the pleadings, at the costs of plaintiffs.

REVERSED.