LUTHER C. WHITE and another *vs.* FREDERIC ILTIS and another.

August 11, 1877.

Summons—What Notice Held Sufficient.—A summons giving notice that the plaintiff will apply to the court to have the amount which he is entitled to recover "ascertained by the court or under its decision," sufficiently complies with the statutory provision requiring such summons to give notice that the plaintiff will apply to the court to have such amount "ascertained by the court, or under its direction."

Promissory Note—Stipulation for Attorney's Fees in Case of Collection.—In this action it was sought to charge the defendants for the amount of six promissory notes, none of which drew more than ten per cent. interest before maturity. Each of the notes contained this provision, viz.: "The rate of interest to be ten per cent. per annum if not paid at maturity, and attorney's fees of ten per cent. if placed in the hands of

an attorney for collection." *Held*, that the effect of this provision is to provide for the payment of a rate of interest after maturity higher than before maturity, and that, in accordance with the decision of this court in *Newell* v. *Houlton*, 22 Minn. 19, the effect is to reduce the rate of interest after maturity to seven per cent.

**Judgment by Default—When Reviewable for Error upon Face of the Record.—**Where a judgment in an action is the actual determination of a district court, and it appears upon the face of the record to be erroneous, the defendant may have it reviewed and the error corrected in this court, although the judgment was rendered upon his default, and although he has taken no steps to have it corrected below.

This was an action upon several promissory notes, each bearing not more than ten per cent. interest before maturity, and each containing the following provision: "The rate of interest to be ten per cent. per annum if not paid at maturity, and attorney's fees of ten per cent. if placed in the hands of an attorney for collection." The summons was personally served upon the defendants, and notified them that, upon failure to answer the annexed complaint within the time allowed by statute, the plaintiffs would apply to the court to have the amount they were entitled to recover "ascertained by the court, or under its decision." The defendants did not afterwards enter an appearance or file an answer, and the cause was subsequently referred to a referee "to hear the evidence herein, and report the same to the court with his opinion thereon." The referee reported that the notes were all due and had been placed in the hands of an attorney for collection, and included the stipulated ten per cent. for attorney's fees, together with interest at ten per cent. from the maturity of the notes to the date of the reference, in his statement of the amount due the plaintiffs. The court entered judgment for the plaintiffs in accordance with this report, and for the sum stated by the referee. The defendants subsequently appealed from this judgment.

*Atwater & Babcock*, for appellants.

The summons issued in this action did not comply with the statute, (Gen. St. c. 66, § 45,) and the defect not having been

waived by appearance, the court had no jurisdiction to enter judgment against the defendants. *Grundy* v. *Whittlesey*, 19 Wis. 227; *Dix* v. *Palmer*, 5 How. Pr. 233; *James* v. *Kirkpatrick*, Id. 241.

The summons informed the defendants that the amount would be determined by the "decision" of the court, and therefore contained no notice that it would be determined by reference to a referee. And this objection can now be made upon appeal from a judgment by default. *Grundy* v. *Whittlesey*, *supra*.

In any event the judgment cannot be sustained, because the amount claimed as attorney's fees is in the nature of a penalty, and none of the notes drew more than ten per cent. interest before maturity. *Newell* v. *Houlton*, 22 Minn. 19; *Mason* v. *Callender*, 2 Minn. 302, (369;) *Daniels* v. *Ward*, 4 Minn. 113, (168.)·

*W. E. Hale*, for respondent.

Judgment was entered in the lower court by default, and no application was made to open that judgment, and give the court an opportunity to pass upon the questions now raised here for the first time. There is, therefore, no decision to review, and this cause is in consequence not properly before this court. The summons complied substantially with the statute, the defect being a mere clerical irregularity, which neither prejudiced the defendants nor affected the jurisdiction of the court. *Warren* v. *Gordon*, 10 Wis. 499; *Hafern* v. *Davis*, Id. 501; *Porter* v. *Vandercock*, 11 Wis. 70; *Carney* v. *Doyle*, 14 Wis. 270; *Wheeler* v. *Smith*, 18 Wis. 682. The same rule which allows attorney's fees in the foreclosure of mortgages, when the parties have stipulated to pay such fees, is applicable to the payment of attorney's fees in the collection of notes. *Tallman* v. *Truesdell*, 3 Wis. 454; *Boyd* v, *Sumner*, 10 Wis. 41–48.

In all the cases where it was decided by this court that stipulated interest for more than legal rates, after the maturity of the note, could not be collected, the objecting party

appeared, by answer, in the trial court, and asked to be relieved from the terms of the contract.

BERRY, J. 1. This is an appeal from a judgment taken by plaintiffs, upon defendants' default, in the district court. The summons gave notice that the plaintiffs would apply to the court to have the amount which they were entitled to recover "ascertained by the court, or under its decision, and take judgment for the amount so ascertained, together with the costs and disbursements." It is evident that the word "decision" is, through a clerical inadvertence, used for the proper statutory word "direction." But the mistake is of no importance. To say that the amount is to be "ascertained by the court or under its decision," is, in effect, to say that it is to be ascertained by the court *in propria persona,* or in such way as the court shall determine or direct. The objection to the summons is therefore overruled.

2. The objections to the sufficiency of the complaint overlook explicit provisions of the exhibits which form a part of it. One of these exhibits (the contract of October 7, 1872) requires the notes turned over to plaintiffs by defendant Frederick to be guaranteed by him. One of the bond exhibits is conditioned that the defendant Frederick "shall pay unto the said L. C. White & Co. all moneys or indebtedness which shall become due to L. C. White & Co. under or pursuant to the within contract, (*i. e.,* the contract to which the bond relates,) or which shall arise therefrom, whether by note, open account, indorsement or otherwise." The other bond exhibit is conditioned that defendant Frederick "shall pay unto the said L. C. White & Co. all moneys or indebtedness which shall become due the said L. C. White & Co. under or pursuant to the within contract, or which shall arise therefrom, whether by note, open account, indorsement, renewal or extension of notes or accounts, acceptances or otherwise." Certainly these conditions are ample to cover the matters on account of which the defendants are sought to be charged in the complaint.

3. It is sought in this action to charge the defendants for

the amount of six promissory notes. The Pichette note was payable twelve months after date, with ten per cent. interest after six months. Of the two Wenholz notes one was payable twelve months after date, with interest at ten per cent.; the other two years after date, with interest at ten per cent. The Plocher note was payable six months after date, with interest at the rate of ten per cent., and twenty-five dollars have been paid upon it. The Frank note was payable twelve months after date, with interest at the rate of ten per cent. The Iltis note was payable eight months after date, with inter-. est at the rate of seven per cent.

All of the notes contained this provision, viz.: "The rate of interest to be ten per cent. per annum, if not paid at maturity, and attorney's fees at ten per cent. if placed in the hands of an attorney for collection." The effect of this was, as respected each of the notes, to provide for the payment of a rate of interest after maturity higher than each drew before maturity. Under the decision of this court in *Newell* v. *Houlton*, 22 Minn. 19, such an agreement, to-wit, an agreement in a note to pay a greater rate of interest after maturity than before, is unauthorized and invalid, and its effect is to make the rate of interest after maturity seven per cent. In accordance with this rule the amount due upon the six notes involved in this action on October 30, 1876, the date to which interest was computed by the court below, in accordance with the report of the referee, was $492.56. The court, therefore, erred in finding the amount due on the notes on October 30, 1876, to be $561.31, and in rendering judgment for that sum accordingly.

4. The case was sent to a referee "to hear the evidence therein and report the same to the court, with his opinion thereon," but the determination of the case was the actual determination of the court itself.

Where a judgment in an action is the actual determination of a district court, and it appears upon the face of the record to be erroneous, the defendant may have it reviewed and the

error corrected in this court, although the judgment was rendered upon his default, and although he had taken no steps to have it corrected below. See *Grant* v. *Schmidt*, 22 Minn. 1.

The judgment is ordered to be modified by reducing the principal amount adjudged from $561.31 to $492.56, and the case remanded for judgment accordingly.