MOORE *et al.* v. IVERS, *Appellant.*

1. **Practice**: PLEADING: FRAUD. Allegations in an answer charging

·that certain acts of plaintiffs were in fraud of their creditors are properly stricken out when the answer contains no averment that the defendant is one of such creditors.

2. **Deed, Indorsement upon:** EVIDENCE. An unauthorized indorsement upon a deed by a stranger will not affect the rights of the grantees therein.

3. **Ejectment:** PARTIES: TENANT BY CURTESY. A tenant by curtesy of an undivided half interest in land is a proper party plaintiff in an action of ejectment to recover possession thereof.

*Appeal from Cape Girardeau Circuit Court.*—HON. J. D. FOSTER, Judge.

AFFIRMED.

*Lewis Brown* for appellant.

The defendant may, in his answer, state "any new matter constituting a defense." R. S. sec. 3521. And judgments may be given for or against one or more of several plaintiffs, * * * and may determine the ultimate rights of the parties on each side as between themselves, and may grant to the defendant any affirmative relief to which he may be entitled. R. S. sec. 3673. The new matter should not have been stricken out of defendant's answer. Defendant's demurrer to the evidence should have been sustained. (1) Because plaintiffs failed to prove that at the time of the commencement of the action defendant was in possession of the premises claimed. R. S. sec. 2247; *Clarkson v. Stanchfield*, 57 Mo. 575; *Bledsoe v. Sims*, 53 Mo. 308. (2) Moore had no color of title as the sheriff's deed was of the interest of John H. Filbrun and John Ivers. Filbrun not having any interest, the deed conveyed none, for the property of the wife could not be legally sold upon an execution against the husband and for his debt. The title as shown by the deeds was in Mrs. Filbrun. *Clark v. Rynex*, 53 Mo. 382. The only evidence as to possession was that Mrs. Travis had a dower interest in the premises, and

that Ivers had been paying her rent for fifteen years. Dower is title paramount. *Grady v. McCorkle*, 57 Mo. 174. And will defeat as well as maintain ejectment. *Miller v. Tally*, 48 Mo. 504; *Kane v. McKowen*, 55 Mo. 201; *Jones v. Manly*, 58 Mo. 564.

*Oliver & Limbaugh and R. L. Wilson* for respondents.

(1) Mrs. Filbrun's interest in the land was her general property and her husband, during her life, by virtue of his marital right, and, after her death, as tenant by the curtesy, was entitled to the possession of her interest therein and could maintain ejectment therefor. *Cooper v. Ord*, 60 Mo. 420; *Bledsoe v. Sims*, 53 Mo. 305; *Hughes v. Pierce*, 49 Mo. 441; *Wilson v. Garaghty*, 70 Mo. 517; *Alexander v. Warrance*, 17 Mo. 229. Mrs. Travis had no dower in the premises. Her interest is an annual charge upon the property in lieu of dower. She could not maintain ejectment upon failure of the person owning the fee to pay her that charge, and Ivers could not, therefore, maintain his defense on that ground. *McDonald v. Schineier*, 27 Mo. 405; 1 R. S. Mo. 1855, p. 676, sec. 36; 1 Scribner on Dower (1 Ed.) p. 316, sec. 16. Moore claims under execution sale against defendant, Ivers. If we admit an outstanding title, defendant cannot defeat plaintiffs on that ground in this case. *Laughlin v. Slone*, 5 Mo. 43; *Boyd v. Jones*, 49 Mo. 202; *Matney v. Graham*, 59 Mo. 190; *Matthews v. LeCompte*, 24 Mo. 545. (2) Wheeler's and defendant's testimony shows that defendant was in possession at the date of the commencement of the suit. (3) Defendant, in his answer, does not aver that either Filbrun or the firm is indebted to him, and if we admit an indebtedness on their part to third persons, he cannot attack their conveyances for fraud. It was not error, therefore, to strike out that part of the answer alleging such fraudulent conveyances. *Bird v. Mullins*, 48 Mo. 344; *Bobb v. Woodward*, 50 Mo. 95; *Johnson v. Jeffries*, 30 Mo 423. The jury having found in favor of

plaintiffs, this court will not disturb their finding, where there is any evidence to support it. *Brown v. Railroad Co.*, 50 Mo. 461; *McCune v. Erfort*, 43 Mo. 134; *State v. Musick*, 71 Mo. 401; *State v. Zorn*, 71 Mo. 415.

NORTON, J.—This is an action of ejectment to recover possession of part of a lot of ground in the city of Cape Girardeau. The answer of defendant, besides containing a general denial, sets up that Altha B. Travis, formerly widow of Samuel Sloan, is entitled to dower in the property and is a necessary party, and also sets up that a partnership between plaintiff, Filbrun, and defendant began in 1862 which was unsettled at the institution of the suit and had a large amount of goods, etc., upon the premises and that he was a necessary party defendant. It, also, substantially sets up that the partnership between Filbrun and Ivers was unsettled and that plaintiff together with Mary A. Filbrun, wife of John Filbrun, entered into an agreement with intent to hinder and defraud the creditors of John H. Filbrun and said partnership of their lawful debts. That in pursuance thereof, Filbrun and wife conveyed to plaintiff, Moore, valuable real estate some of which has been conveyed by said Moore to Mrs. Filbrun, which Mrs. Filbrun, by last will, devised to her daughter, all of which, it is charged, was done in pursuance of such fraudulent agreement, and asks that the court decree said conveyances void and on account of the business dealings of the firm of Filbrun and Ivers for the appointment of a receiver. So much of the answer as sets forth a partnership and seeks for a settlement of the partnership was stricken out, as well as all fraud, except that relating to the conveyances of the property in suit.

Upon the trial of the cause judgment was rendered for the plaintiff from which the defendant has appealed, and, among other things, objects to the action of the court in striking out so much of his answer as related to the partnership of Filbrun and Ivers and the conveyances

of Filbrun and wife to Moore, alleged to have been made to defraud the creditors of Filbrun and, also, the creditors of Filbrun and Ivers. We are of the opinion that the action of the court was proper if for no other reason than the lack of an averment in the answer that the defendant was a creditor either of Filbrun or of the firm of Filbrun and Ivers.

Plaintiffs at the trial offered in support of their title a deed from one Brady who was the common source of title conveying the lot in dispute to John H. Filbrun and Samuel R. Sloan, dated July, 1857. Upon this deed the following was indorsed: "In the above named deed the name Filburn should be written Filbrun which is the correct name." This deed was objected to on account of the indorsement which appears not to have been made either by Sloan or his direction, but by one Sandford who wrote the deed. The objection was properly overruled; the unauthorized indorsement did not and could not affect the rights of the grantees in the deed. The plaintiff next offered a deed from the county clerk to William C. Ranney and Andrew Gibony, dated March 26, 1866, conveying the interest of Samuel R. Sloan, deceased, to the said lot. It appeared that this deed was made by the clerk of the county court upon the order of the county court for the reason that one of the grantees was the administrator of said Sloan and had purchased the property in conjunction with the other grantee at the administrator's sale. The sale had been duly made, reported to the court and approved by it, all of which is recited in the deed. Section 35 of General Statutes, 1865, p. 499, in force at the time of the proceeding, fully warranted the court to make the order and the clerk to execute the deed.

Plaintiff next offered a deed from Ranney and Gibony to John Ivers, dated April 2, 1866, also, a deed from Filbrun and wife to John J. Moore, dated August 4, 1879, also deed from said Moore to Mary A. Filbrun, dated October 8, 1879, also, sheriff's deed dated January 21,

1881, conveying to plaintiff the interest of John H. Filbrun and John Ivers in the property sued for to John J. Moore. The Brady deed conveyed the entire property in controversy to Filbrun and Sloan. The deed from the county clerk to Ranney and Gibony conveyed to them the interest of Sloan. The deed from Ranney and Gibony to Ivers conveyed all the title they acquired by the deed from the county clerk. The deeds from Filbrun and wife to Moore and from Moore to Mrs. Filbrun conveyed all the title acquired by Filbrun under the Brady deed. The sheriff's deed conveyed to Moore all that title of Filbrun and Ivers which they at the time had. The legal effect of these deeds was to invest plaintiff, Moore, with an undivided half interest in the lot and Mrs. Filbrun with the other half, and she being dead, leaving a daughter, issue born of the marriage and living at the time of her death, her husband, John H. Filbrun, was a tenant by curtesy of her interest and hence a proper party plaintiff.

Evidence having been introduced tending to show that defendant was in possession of the lot at the time of suit, plaintiff was entitled to judgment under the deeds. There is nothing in the point made that Mrs. Travis, formerly the widow of Sloan, deceased, had a dower interest in the property inasmuch as the evidence shows that under the statute her dower interest in the property had been by decree of the circuit court admeasured and fixed at $150 per annum, which amount Ranney and Gibony had been adjudged to pay her in lieu of dower. The evidence offered by defendant as to partnership transactions and fraud were properly rejected; there was no issue in the case to which it could apply.

Judgment affirmed. All concur.