JOHANNA M. JARMINE ET AL., APPELLEES, V. CHARLES A. SWANSON ET AL., APPELLEES; LOUISE MOLLIN, APPELLANT.

FILED MARCH 20, 1909. No. 15,621.

Judgment: VALIDITY. J., a married man and the head of a family, died seized of certain real estate occupied by himself and family as their homestead. In the administration of his estate, the land was set off to the widow by the county court as her homestead, giving her the title "in fee simple." She afterwards sold the property, conveying it by warranty deed. Through mesne conveyances S. became possessed of the title held by the widow, and executed a mortgage thereon for value to M. The widow died, and the children of herself and J. brought an action to remove the clouds upon their title created by the deed to S. and his mortgage to M. M. defaulted. S. answered, contesting the suit of plaintiffs, but the question of the indebtedness of S. to M. was not put in issue in any form. The final decree was in favor of the heirs, and, after the provision that the mortgage did not constitute a lien on plaintiffs' land, it was further declared that it did not constitute "a personal liability on the part of the defendants." Defendant M. appeals. *Held*, That the provision in the decree which sought to destroy the liability of S. to M. was void.

APPEAL from the district court for Boone county: JAMES R. HANNA, JUDGE. *Reversed with directions.*

*James G. Reeder* and *Louis Lightner,* for appellant.

*William V. Allen* and *H. Halderson, contra.*

REESE, C. J.

This is an appeal from a decree rendered by the district court for Boone county. The heirs of Christian Johnson, deceased, instituted the suit against Charles A. Swanson and Louise Mollin, alleging that the said Christian Johnson died seized of the northwest quarter of the southeast quarter of section 10, township 22, range 5, in Boone county; that he left surviving him Anna Johnson, his widow, and the plaintiffs, their children, as his sole heirs at law; that in the administration of the estate, upon the application of the widow, the land was set off to her as her homestead, giving her the title in fee simple, which the court had no power or jurisdiction to do, and the said order was void; that the defendant Charles A. Swanson through several mesne conveyances derives his title from the said Anna Johnson, now deceased; that Swanson had executed a mortgage to the defendant Mollin to secure the sum of $600; and that Johnson's deed and the Mollin mortgage are clouds upon the title which plaintiffs have inherited from their father, Christian Johnson. The prayer is for a cancelation of Swanson's deed and the Mollin mortgage and the removal of the cloud upon their title created thereby. Mollin failed to answer and default was entered against her. Swanson answered and a trial was had, the finding and decree being in favor of plaintiffs. Mollin only has appealed. There is no bill of exceptions.

In the decree of the court the following language occurs: "It is ordered, adjudged and decreed by the court that the alleged mortgage lien of the defendant Louise Mollin on the land in suit, be and the same is hereby, adjudged to be null and void, and not to constitute a lien upon the said premises *or a personal liability on the part*

*of the defendants Charles A. Swanson and Lena Swanson."* There was nothing in the pleadings anywhere placing the liability of Swanson to Mollin in issue, and therefore any order affecting their rights as between themselves must necessarily be void. As there was nothing in the petition submitting any such issue or seeking any such order, the defendant had the right to assume that the decree would be within the issues, and that her demand against the Swansons personally would remain unaffected without reference to the validity of the lien sought to have been created by the mortgage. It requires no argument nor citation of authorities in support of the proposition that the court had no jurisdiction, power or authority to make any such order, and that it was void. As Swanson and Mollin were not adversely interested, no order could be made, as between them, which would bind them in a subsequent action brought by Mollin for the collection of the debt secured by the mortgage. *Wiltrout v. Showers,* 82 Neb. 777. By a perusal of the whole decree it is quite clear that the language referred to was inadvertently used, and was probably not detected by the court, as later on in the body of the entry the same order is entered in substance, but without the use of the objectionable language.

It is insisted by the appellees Jarmine and Swanson that appellant has mistaken her remedy; that, if the decree was void or erroneous, the mistake, if such it was, should have been called to the attention of the trial court and a correction requested, and that, in the absence of such proceeding, no appeal can be had. It is also urged that, "if the judgment covered matter not embraced in the issue, it is to that extent void; that there can be no appeal from a void judgment." Many cases are cited supporting the contentions of appellees, but it is believed that many of them are not in point. It is true, however, that the decree might have been corrected upon a timely motion seeking that remedy. Whether that proceeding is

51

exclusive is not so clear. We may assume for the purposes of this case that, if a defendant makes default and a judgment or decree is rendered against him in accordance with the averments of the petition, he should apply to the court rendering the judgment to set aside the default and judgment and permit him to answer, but that is not this case. Appellant was entirely willing that plaintiff should have all the relief asked. Had the course suggested been pursued, there was nothing that could be presented by way- of answer or traverse which would afford relief. The only thing that could have been done would have been to correct the void part of the decree. It is not an appeal from a legal judgment, but from one that is void in part. The right of appeal is secured by the constitution of this state (art. I, sec. 24) and by the statutes. This right is fully recognized by the former decisions of this court, and full force given to the constitutional provision in *Curran v. Wilcox*, 10 Neb. 449, *Holland v. Chicago, B. & Q. R. Co.*, 52 Neb. 100, and *Zweibel v. Caldwell*, 72 Neb. 47, 53, none of which, however, are similar to this case. In *Northern Trust Co. v. Albert Lea College*, 68 Minn. 112, it was held by a majority of the court that the power of the court to grant relief in a judgment by default is limited to that demanded in the complaint, and, where such judgment was not justified by the pleadings and prayer for relief, the error could be reviewed and corrected by an appeal from the judgment.

That the entry referred to is erroneous and void is apparent. It is of no force, a mere nullity, and may be attacked by direct proceedings as well as collaterally, should the question of its validity ever arise. See *Banking House of A. Castetter v. Dukes*, 70 Neb. 648; *Woodward v. Whitescarver*, 6 Ia. 1; *Doolittle v. Shelton*, 1 Greene (Ia.) 271; *White v. Iltis*, 24 Minn. 43; *Cooper v. American Central Ins. Co.*, 3 Colo. 318.

The judgment of the district court, in so far as it assumes to adjudicate the rights of the defendants Swanson and Mollin as between themselves, is reversed and the

cause remanded to correct the same by eliminating that part of the decree.

REVERSED.