DANIEL HIGGINS AND THOMAS R. EDWARDS, ADMINISTRATORS, ET AL., APPELLEES, V. WILLIAM A. VANDEVEER, ADMINISTRATOR, ET AL., APPELLANTS.

FILED SEPTEMBER 25, 1909. No. 15,760.

1. County Courts: JURISDICTION. The county courts of this state are not vested with authority to adjudicate disputes between the surviving husband of a testatrix and her devisees concerning his right to an estate by the curtesy in her lands.

2. ———: ———. The county court does have jurisdiction to enter an order requiring administrators or executors appointed by it to deliver to a surviving husband lands in Nebraska, which came to their possession as such officers, where the only difference between said parties is one of law arising out of the construction of a will that has been admitted to probate by said court.

3. Wills: CONSTRUCTION: JURISDICTION: PROBATE: REVOCATION. A district court on appeal from an order of the county court in such a proceeding has like power to construe a will, but in such proceedings neither court has jurisdiction to revoke in part the probate of said will.

4. Courts: JURISDICTION. The county court or the district court on appeal in such proceedings is without power to decide whether the husband has an estate by the curtesy in land situated in a sister state, or to direct that he recover possession thereof, and, if it attempts to do so, its findings and judgment to that extent are void and of no effect.

5. Judgment: CANCELATION. If a court spreads upon its records a judgment void in part because not responsive to the pleadings, or not pertaining to subjects within its jurisdiction, a party against whom the judgment is directed or whose property rights it assumes to influence is entitled to have canceled and expunged from the records of the court so much of the judgment as is void.

6. ———: ———: LIMITATIONS. And the statute of limitations does

not present a bar to the right and power of the court to clear its its records of unauthorized and illegal entries therein.

7. **Equity: CROSS-BILL.** In an equitable action, a cross-suit must be germane to the original bill, and the issues thus introduced are limited to such as are necessary for the court to consider in deciding the questions raised in the original suit in order to do complete justice to all parties with respect to the cause of action on which plaintiff demands relief.

8. ——: ——. In a suit to vacate certain orders made by a county court and the district court upon appeal, construing a will to the effect that a surviving husband is entitled to an estate by the curtesy in the lands of his deceased testate wife, and revoking in part the will and its probate, wherein the heirs and legal representatives of the husband, who departed this life subsequent to the entry of the judgment attacked, and a grantee of said husband are made defendants, a cross-bill filed by said husband's representatives charging that said grantee procured his deed from the deceased husband by fraud is not germane to the bill, and will be stricken from the record on application of said grantee.

APPEAL from the district court for Nemaha county: JOHN B. RAPER, JUDGE. *Reversed with directions.*

*J. H. Broady, George W. Cornell* and *E. B. Quackenbush,* for appellants.

*H. A. Lambert* and *E. Ferneau, contra.*

ROOT, J.

In 1894 Eliza M. Kimberly, a childless widow, married Absolom Vandeveer, and continued in said wedlock until February 6, 1895, upon which day she died testate and childless, a resident of Nemaha county, Nebraska, the owner of real estate, a part whereof is in Nebraska and a fraction thereof in South Dakota. Mrs. Vandeveer acquired her real estate and made her will before said marriage. On the petition of the executor the will was admitted to probate in the county court of Nemaha county in March, 1895. July 15, 1895, Absolom Vandeveer, who survived the testatrix, filed a petition in said court,

wherein he stated his relation to the deceased, her seizin and death without issue, asserted that he was tenant by the curtesy of her lands, and prayed "that he may recover and hold said premises during his natural life as tenant by curtesy, and for such other and further relief as equity may require." The administrators with the will annexed and the beneficiaries named in the will all appeared by counsel, and separately answered that the land referred to was the sole property of the deceased, and had been devised by her last will and testament, which had been duly probated and never revoked or canceled. In reply the petitioner admitted that the land was the separate property of his late wife; that she received none of it from him, and denied the other allegations in the answer. By the consideration of the county court Absolom Vandeveer was defeated.

In the district court, upon the identical issues presented in the county court, a motion by defendant for judgment on the pleadings was sustained, and Vandeveer's petition dismissed. On appeal, December 6, 1899, we reversed the judgment of the district court. *Vandeveer v. Higgins,* 59 Neb. 333. The estate of Mrs. Vandeveer has not been settled, but is still under the control of the administrators. All of said devisees and legatees are nonresidents of Nebraska. Subsequently, the exact date not being shown by the evidence, but evidently in January, 1900, the representatives of the estate acquiesced in the claim of the surviving husband, paid him the accumulated rents for the Nebraska real estate, and surrendered possession thereof to him. Vandeveer retained such possession and enjoyed the rents and profits until his death, which preceded the commencement of this action. The mandate of this court was filed with the clerk of the district court in October, 1902. During the December, 1902, term of said court, and on the 8th day of that month, a judgment was entered in the journals vacating the judgment appealed from, and decreeing generally that Vandeveer was entitled to the estates of curtesy and homestead in the lands of his de-

ceased wife. On the 3d of January, 1903, during the same term of court, another judgment was rendered upon said mandate, and entered in said journal, again vacating the judgment appealed from, and finding specifically that the marriage of the testatrix revoked her will so far as it interposed any obstacle to her surviving husband's estate of curtesy, and adjudged that to that extent said will and the probate thereof be revoked and held for naught; that Mrs. Vandeveer died without issue and seized in fee simple of specifically described tracts of real estate in Nebraska and South Dakota; that the petitioner was testatrix' surviving husband, and, further, directed that a transcript of said findings and judgment be certified to the county court to the end that said judgment might be carried into execution. In the meantime, in September, 1902, the defendant Cornell, who was then a practicing attorney at law residing in Auburn and counsel for Absolom Vandeveer, procured from his client a deed for the South Dakota lands. July 18, 1904, the county court acted upon said transcript, and modified its judgment so "that the said will of Eliza M. Vandeveer is revoked to the extent of the interest of the plaintiff, and that the said will and the probate thereof is void as to the plaintiff (Absolom Vandeveer) in so far as it would affect his said right, title and interest in and to the real estate therein devised and in said transcripted judgment of the district court particularly described, the same as if the said Eliza M. Vandeveer had died intestate."

This action was commenced October 16, 1907, by the administrators with the will annexed of the estate of the testatrix and her devisees, against the said Cornell and the heirs of Absolom Vandeveer, deceased. It is alleged that the decree rendered January 3, 1903, was procured fraudulently and is void, being controlled by the judgment rendered in December, 1902; that the county court did not have jurisdiction over the subject matter involved in the proceedings before it upon Vandeveer's application, and that all orders made therein, and the subsequent judg-

ments of the district court and of this court on appeal, were also absolutely null and void; that, by reason of the premises, the title of the beneficiaries in the will to the South Dakota land is clouded, and their progress to recover their rights therein impeded. Plaintiffs pray that all of said orders and proceedings be canceled as null and void, and for equitable relief. The defendant Cornell practically enters a general denial coupled with a plea of the statute of limitations. His codefendants filed a like pleading, and as a cross-petition against said Cornell alleged that he procured the deed from Vandeveer for the South Dakota lands by fraud and deceit, and prayed that the petition be dismissed; that said deed be canceled, and Cornell decreed to reconvey said lands to them, or that they recover from him $6,000, the alleged value thereof. On Cornell's motion the cross-petitions were dismissed without prejudice to another action, and replies were duly filed. On a consideration of all of the evidence, the court found for plaintiffs, except on the charge that the decree rendered January 3, 1903, by the district court was procured fraudulently, and canceled and held for naught its judgment in the case of Vandeveer against the representatives of Eliza M. Vandeveer, deceased. All of the defendants appeal, and the representatives of Absolom Vandeveer appeal from the order of the district court dismissing their cross-petitions.

1. Plaintiffs argue that the county court is without jurisdiction to assign an estate by the curtesy, that the judgment, in so far as it revoked the will and the probate thereof, did not respond to any allegation in Vandeveer's petition, and that the several judgments and orders are void so far as the Dakota land is concerned. The tenant by curtesy consummate has the right of possession during his natural life, and may maintain ejectment therefor. *Moore v. Ivers,* 83 Mo. 29. Counsel for defendant argue that an estate by the curtesy is analogous to dower, and, as the county court has jurisdiction where there is no issue of fact to determine to set off and assign the last

named estate, good logic dictates that we should hold the same power to exist under like circumstances in that tribunal for the recovery of the other interest; that in either event the county court will be taking a necessary step in the settlement of an estate, a field wherein it has exclusive original jurisdiction. In *Swobe v. Marsh,* 73 Neb. 331, it is clearly demonstrated that the assignment of dower does not pertain to the settlement of the estates of deceased persons, and that the county court's jurisdiction of the subject arises solely by virtue of section 8, ch. 23, Comp. St. 1905. No mention is made in that statute of the estate of curtesy, nor has the legislature by any other act vested the county court, so far as might be done under the constitution, with power to set off or assign estates by the curtesy, a fact that clearly indicates the legislative will not to extend the widow's remedy to the surviving husband. *Wilson v. Beyers,* 5 Wash. 303, 34 Am. St. Rep. 858. It does not follow, however, that the judgments referred to herein are void.

The Nebraska land was in the possession of the administrators as officers of the county court. Vandeveer's claim required a construction of the will in the light of the facts alleged and admitted, and a decision as to whether the life estate asserted by the surviving husband in the Nebraska land devolved by virtue of the statutes or was cast by the will; and, for the purpose of advising the executors of their duty in the premises if they preferred to submit the question of possession to that forum, the county court had ample jurisdiction. *Andersen v. Andersen,* 69 Neb. 565; *Dundas's Estate,* 73 Pa. St. 474; *Otterson v. Gallagher,* 88 Pa. St. 355. Whether there was jurisdiction of the subject matter so far as the devisees and legatees are concerned is immaterial. The estate has not been closed at this late day. The possession of the land and the disposition of the rents and profits therefrom were proper subjects for the court's consideration in view of the fact that the administrators had that possession and collected the rents by virtue of their office. The devisees

did not in any manner question the courts' jurisdiction over the subject matter of the litigation, and it was not incumbent upon the judges of the respective courts to doubt a jurisdiction invoked by all of the parties in the case. The subject of the litigation was well understood in the district court and by ourselves. Two questions only were presented: (1) Could a married woman by will cut off her suriving husband's estate of curtesy in lands of which she might die seized? (2) Would a marriage subsequent to the making of a will by a single woman revoke that instrument entirely or at all? We declined to consider the first query, and answered the second one. Speaking through the then chief justice, we held that by virtue of the marriage the will was rendered void so far as the surviving husband's estate by the curtesy was concerned, and reversed the judgment of the district court for further proceedings in harmony with our opinion. Counsel did not in their written or oral arguments discuss the revocation of the probate of the will, and we did not consider that question, nor do we understand that the pleadings presented any such issue of law or of fact. The will had been duly probated, after due notice to all concerned as the record recites, a statement binding on the entire world until overcome by proof to the contrary, and none such was introduced in evidence in this case. The probate court was without jurisdiction in admitting the will to probate to construe its legal effect. The inquiry was confined to ascertaining whether the testatrix signed the proffered instrument, and, if so, whether she was at that time of full age and sound mind, and whether the document was signed and attested in conformity with the law of wills. Further than that it could not proceed at that time. *Lusk v. Lewis,* 32 Miss. 297; *Hawes v. Humphrey,* 9 Pick. (Mass.) 350; *Cox v. Cox,* 101 Mo. 168; *Bent's Appeal,* 35 Conn. 523; *Waters v. Cullen,* 2 Bradf. Sur. (N. Y.) 354; *Estate of Murphy,* 104 Cal. 554; *Graham v. Burch,* 47 Minn. 171; *Evans v. Anderson,* 15 Ohio St. 324; *Hegarty's Appeal,* 75 Pa. St. 503; *Craft's Estate,* 164 Pa. St.

520.  For much stronger reasons, in hearing an application which called only for a construction of the will for the benefit of the executors, the court did not have power to revoke the probate of that instrument.  As we understand the record, the administrators in Nebraska did not have possession of the Dakota land, but Mrs. Vandeveer's will was admitted to probate as a foreign will, and ancillary administration of the estate is pending in the proper court of that state.  The laws of South Dakota control the descent, alienation and transfer of land within the boundaries of that commonwealth, and the effect and construction of instruments intended to convey it.  The probate courts of Nebraska are not authorized to adjudicate the rights of rival claimants to the succession of real estate situated in a sister state, and so much of the judgment of the county court of Nemaha county and that of the district court on appeal as purports to adjudicate that the surviving husband is entitled to an estate by the curtesy, or any other estate, in the South Dakota lands is an absolute nullity.  *Fall v. Fall,* 75 Neb. 120; *Rober v. Michelsen,* 82 Neb. 48; *McCormick v. Sullivant,* 10 Wheat. (U. S.) \*192; *United States v. Fox,* 94 U. S. 315; *Brine v. Insurance Co.,* 96 U. S. 627.

The litigants have introduced in evidence sections of the South Dakota statute which provide that a will executed by an unmarried woman is revoked by her subsequent marriage; that the estates of dower and curtesy are abolished; that, if a deceased wife leaves no issue, one-half of her real estate descends to her surviving husband; and that foreign wills may be probated in that state, and recognizing a foreign probate thereof.  Just what application the courts of South Dakota will make of the law of that state, statutory or otherwise, to the facts relating to the estate and will of the late Mrs. Vandeveer, we do not know, but we feel certain that complete justice will be done in the premises, and, if it were otherwise, the judgments of the courts of this state would not mend matters.  So much of the judgment as purports to revoke in part

the probate of the will and decree that Absolom Vandeveer was seized of an estate by the curtesy in the Dakota land is extrajudicial and void; but, as the remainder of the judgment does not depend upon the illegal part, the valid fraction may be sustained and the remainder rejected. The invalid part could be safely ignored by the individuals against whose interests it purports to operate. *State v. Evans,* 176 Mo. 310. Upon appeal the judgment would have been corrected. *Jarmine v. Swanson,* 83 Neb. 751. The litigants may ignore the invalid part of a judgment, or attack it by direct proceedings or collaterally. *Jarmine v. Swanson, supra; Banking House of A. Castetter v. Dukes,* 70 Neb. 648, and authorities cited, p. 652 *et seq.* of the Report. So much of the judgment as is invalid should be vacated, and not permitted to incumber the record. *Hayes County v. Wileman,* 82 Neb. 669. And the statute of limitations presents no obstacle to an action or proper proceedings having that end in view. *First Nat. Bank v. Grimes Dry Goods Co.,* 45 Kan. 510.

It is not necessary to consider the lack of jurisdiction of the county court to assign Absolom Vandeveer an estate by the curtesy in the Nebraska lands, over the opposition of the devisees named in Mrs. Vandeveer's will, because their right of possession of the real estate has never been invaded by virtue of the order complained of, and they have joined with the administrators in a joint petition against the representatives of Absolom Vandeveer for relief which cannot be given to the extent of the demand made by the administrators. In short, all that was settled by the strenuous litigation between Absolom Vandeveer on the one part, and the administrators of the estate, and the devisees under the will of Mrs. Vandeveer, on the other, is that as between those administrators and Absolom he was entitled during his natural life to the possession and rents and profits of the land in Nebraska of which she died seized.

2. The cross-petitions of the representatives of Absolom Vandeveer must be denied. Their complaint is not ger-

mane to the cause of action set forth in plaintiff's petition, and the defendant Cornell cannot, over his objections, be compelled in this action to litigate the charges therein made against him. *Armstrong v. Mayer*, 69 Neb. 187.

The judgment of the district court is therefore reversed, with instructions to enter a decree in harmony with this opinion.

REVERSED.

REESE, C. J., absent and not sitting.