# CASES

## ARGUED AND DETERMINED

### IN THE

# Supreme Court of South Dakota

In re ESTATE OF ELIZA M. KIMBERLY, Deceased.

G. W. CORNELL, Respondent, v. R. D. BURR, Administrator, et al., Appellants.

(141 N. W. 1081.)

1. **Wills—Revocation—Subsequent Marriage—What Law Governs.**

   Under Civ. Code, Sec. 1024, declaring that a will executed by an unmarried woman is revoked by her subsequent marriage, and Sec. 1090, declaring that the validity of wills, except as otherwise provided, is governed, when relating to realty in the state, by the law of the state, and when relating to personalty, by the law of the domicile, **held**, that a will disposing of realty and personalty in this state executed by a non-resident single woman, subsequently marrying, is revoked, though admitted to probate in this state as a foreign will, so far as it affects the realty, but is valid as to the personalty in this state.

2. **Wills—Probate—Revocation by Marriage—Foreign Will—Contest on Probate.**

   A foreign will, valid so far as it disposes of personalty in this state, but revoked so far as it disposes of realty in this state, must be admitted to probate under Prob. Code, Sec. 54, authorizing probate of foreign wills duly admitted to probate by courts of the domicile, though as to revocation and its effect upon the realty, a determination would be had later.

3. **Wills—Foreign Wills—Probate as to Realty Affected—Determination on Final Distribution.**

   The admission to probate of a foreign will, valid so far as it disposes of personalty in this state, and revoked by the state laws so far as it disposes of realty in this state, is not an adjudication of question of validity of the will as disposing of realty, and its validity in the latter respect may be questioned and determined on final distribution.

(Opinion filed June 3, 1913. Rehearing denied August 28, 1913.)

1—Vol. 32, S. D.

Appeal from Circuit Court, McCook County. Hon. JOSEPH W. JONES, Judge.

Proceedings in probate by R. D. Burr, administrator, with the will annexed of Eliza M. Kimberly, otherwise known as Eliza M. Vandeveer, deceased, for settlement of his final account and the hearing of his petition for final distribution. G. W. Cornell appeared and applied for distribution to him of an undivided half of the realty conveyed to him by the surviving husband of decedent, the will being a foreign will and the realty being situated in this state. From a judgment granting relief to G. W. Cornell, and from an order denying a new trial, the administrator and others appeal. Affirmed.

*E. H. Winsor, P. W. Scanlan,* and *Lambert & McCarty,* for Appellants.

So far as it relates to personal property and as to real estate in Nebraska the probate of a will there determines that the instrument was duly executed and was the subsisting will of the testator at the time of her decease. 23 A. & E. Enc. of L., 2d Ed., page 134.

The question of revocation is concluded by the judgment establishing and admitting the will to probate. Cohen v. Herbert, (Mo.) 104 S. W. 84.

What effect upon the testacy or intestacy of the deceased of the property belonging to her, situated in South Dakota, has the Nebraska judgment admitting the will to probate? Necessarily this question must be determined by the laws of South Dakota, as it relates to real estate situated here.

We concede the right of each state to assert complete jurisdiction in rem over all property of decedents found within the state, including the right to determine by its proper tribunals the validity or non-validity of a foreign will; yet it is equally the right of each state to accept as conclusive the judgments of the court of the domicile of the testator as to the validity of his will.

Under section 54, Prob. Code, if it appears from the face of the record that the foreign will has been probated in some other state according to the laws where made or where decedent had his domicile or according to the laws of this state it is valid and must be admitted to probate, and when so admitted to probate, shall have the same force and effect as a will first admitted to

probate in this state.   State v. District Court, 34 Mont. 96, 85 Pac. 866, 6 L. R. A. (N. S.) 617, 115 Am. St. 510, 9 A. & E. Ann. C. 418; 22 A. & E. Enc. L. (2d Ed.) 143; Crippen v. Dexter, 79 Mass. 330; Woofter v. Matz, (W. Va.) 76 S. E. Rep 131.

When duly probated, certified copies of the will and record are conclusive evidence of the validity of the will including the capacity and free agency of the testator to make it, not only in all other courts of the state of domicile, but in the courts of all other states.   Parker v. Parker, 65 Mass. 517; Lyon v. Ogden, 82 Me. 374, 27 Atl. 258; Ives v. Salisbury's Heirs, 56 Vt. 565; Babcock v. Collins, 61 N. W. 1020; Amrine v. Haymer, (Ill.) 88 N. W. 1036; Lindsey v. Wilson, 63 Atl. 566, 2 L. R. A. (N. S.) 408; Gretsen v. Clemenston, (Wis.) 106 N. W. 1096.

What has just been said as to the scope of inquiry on the hearing indicates the grounds upon which the application may be resisted as well as the issues that must be considered as irrevocably determined.   16 Enc. Pl. & Pr. 1071 et seq; 40 Cyc. 1239, 1374 (b).

Subsequent marriage does not revoke foreign wills.   Section 1024 has no application to foreign wills.   26 Am. & E. Enc. L. 617; Barton v. Johnson, (Ga.) 73 S. E. Rep. 516.

The language of section 1024 in its most comprehensive sense might embrace the wills mentioned in article 3.   Article 3 is a special or particular enactment relating specifically, particularly and exclusively to a designated class of wills.   Consequently, under the rule of construction, the provisions of this particular statute must prevail over the provisions of the general one.   In other words, the wills designated in said article 3 are to be considered as withdrawn from the provisions of section 1024.

Question of revocation of will might have been urged on probate of will in Nebraska.

Certain provisions of a will may be valid and entitled to probate, while other provisions may be rejected and denied probate. 23 Am. & E. Enc. L. 139-140; Clapp v. Vatcher, (Cal.) 99 Pac. 549; Black on Judgments, (2d Ed.) Sec. 635; 40 Cyc. 1373; Sanders v. Link, (Va.) 76 S. E. 327; Dicke v. Wagner, (Wis.) 70 N. W. Rep. 159.

On the probate of the will in Nebraska, the county court had ample authority and was fully empowered to admit the provision

of the will relating to the Nebraska property to probate and to deny probate to the provisions relating to or affecting property in this state, or to have limited the probate to the property in Nebraska. Vandeveer could have asserted that provision of the will which related to property in this state had been revoked by the marriage of the testatrix.

It would have been necessary for that court to decide whether or not section 1024 applied to the will in question. The answer must have been in the negative, since this section does not apply to or affect foreign wills. But, whether urged or not, the probate of the will determined the question of revocation. On the effect of a judgment admitting a will to probate in Nebraska, see Brown v. Brown, 71 Neb. 200, 98 N. W. 718-723.

The force, effect and operation of the will are controlled exclusively by the laws of this state. Sec. 54, Prob. Code; Opp v. Chess, (Pa.) 54 Atl. 354.

*G. W. Cornell,* and *Aikens & Judge,* for Respondent.

In Nebraska the probate of a will is conclusive as to its due execution. The probate of the will in question never has been revoked, neither in Nebraska nor South Dakota; it stands as a domestic will probated in Nebraska, and as a foreign will probated in South Dakota to this day.

The effect of a judgment admitting a will to probate in Nebraska, upon real estate situate in South Dakota, must be determined by the laws of South Dakota. That a will executed by a person domiciled in another state as to its validity is governed by the laws of the domicile of such person, is not the rule in South Dakota, with reference to real estate situate therein. Sec. 1090 of the Civil Code of South Dakota, is the ground upon which the issues of this case must finally be determined. It applies to both domestic and foreign wills. As it does not say what kind of wills, it must mean foreign wills or all wills, which would include both domestic and foreign wills. And in order to make the section applicable to foreign wills it was necessary to include within its provisions not only the law of the state but also the law of the testator's domicile. Clarke v. Clarke, 178 U. S. 186, (44 L. Ed.).

The exception in section 1090, Civ. Code, simply has reference to the valid execution of the will, and refers to its validity as a

will, such validity as entitles it to probate, and not as to the effect of its provisions, nor as to its interpretation; and the provision referred to is section 1010 of the Civil Code, which should be read with section 1090, and section 1090 so modifies section 54 of art. 3 as to remove a stumbling block that might otherwise lead one to believe, that a foreign will has an advantage over a domestic will, to the extent of defeating the marital rights of a surviving husband or wife, when relating to real estate within the state.

Under section 143, Compiled Statutes of 1903 of Nebraska, the probate of a will of real or personal property is conclusive as to its due execution.

There is nothing in the Nebraska statute that makes the probate of a will conclusive as to its validity.

In Higgins v. Vanderveer, (Neb.) 122 N. W. 843, the Nebraska court held that the judgment of the probate court in that state, wherein it purported to determine the right of Vandeveer to the realty in South Dakota, was valid.

Whether Absalom Vanderveer was, in his life time, entitled to any share or part of the estate of his wife in the lands involved in this controversy must be determined by a construction of the will, and the laws of the state of South Dakota. Carpenter v. Strange, 141 U. S. 87 (L. Ed. 35-640); Dull v. Blackman, 169 U. S. 243 (42 L. Ed. 733); Pritchard v. Henderson, 47 Atl. 376 (Del. 1900); Story's Conf. of Laws, Sec. 428; Nelson v. Potter, 15 Atl. 375 (N. J. 1888).

Vandeveer had a right to question the validity of the will as to his marital rights in and to the lands within the state on order of distribution. The right to share in the distribution of the said estate, is the right that he had assigned by his deed to appellee, and by virtue of said deed, appellee has such an interest as entitles him to such distributive share. Sec. 315 of the Probate Code.

A foreign will has no advantage over a domestic will, with reference to real estate within the state, and whilst an ancillary probate has the same force and effect as if first probated within the state, it has no greater effect with reference to real estate within the state. Lowery v. Hawker et al., 133 N. W. 918;

Schultz v. Schultz, 125 N. W. 555; Tillison v. Holloway, (Neb.) 134 N. W. 232; Parker v. Parker, (Iowa) 135 N. W.

GATES, J.   On November 6, 1893, one Eliza Kimberly, being at that time a single woman and a resident of the state of Nebraska, executed her last will and testament by the terms of which, among other devises and bequests, her real estate in South Dakota was devised to certain relatives.   On November 13, 1894, she married Absalom Vandeveer.   On February 6, 1895, she departed this life, leaving certain real and personal property in the state of Nebraska and certain real and personal property in the state of South Dakota.   She died without issue and without the issue of any deceased child surviving her.   On March 19, 1895, said will was admitted to probate in the county court of Nemaha county, Neb.   On June 2, 1896, an authenticated copy of said will was duly admitted to probate in the county court of McCook county, S. D., and letters of administration with the will annexed were issued.   On September 27, 1902, Absalom Vandeveer, the surviving husband of testatrix, conveyed to George W. Cornell, the respondent, the undivided half of 320 acres of land in McCook county, S. D., of which the said testatrix died seized, which deed was duly recorded in the office of the register of deeds of said county in the month of October, 1902.   In the autumn of 1910, the administrator with the will annexed filed in the county court of McCook county, S. D., his final account and petition for the final distribution of said estate in accordance with the terms of the last will and testament of said testatrix.

Upon the hearing of said report and petition, respondent appeared and made application to have the undivided half of the South Dakota real estate distributed to himself as the successor in interest of Absalom Vandeveer, the surviving husband of testatrix.   This application was denied, and a decree of final distribution was entered in accordance with the petition of the administrator.   Respondent Cornell appealed to the circuit court of McCook county therefrom, and, upon the trial in circuit court, findings of fact and conclusions of law were entered favorable to respondent Cornell by which it was found that, by reason of the marriage of the said testatrix after its execution, said last will and testament became, and ever since had been, inoperative, in so far as by its terms it attempted in any manner to affect the dis-

position of the real property belonging to testatrix situated in the state of South Dakota or its rents, issues, and profits. Judgment was thereupon entered to the effect that respondent Cornell was the owner of the undivided half of said 320 acres of land and of the rents, issues, and profits since the date of his said deed of conveyance, less taxes and other expenses and charges of administration. A motion for a new trial was denied, and from the judgment and order denying a new trial the appeal to this court was taken.

It is the contention of appellants that by reason of the probate of the will in Nebraska and the probate of the authenticated copy thereof in South Dakota, the said will is conclusively established as a will of real and personal property in South Dakota, and that the right of appellants therein was adjudged and determined, and that respondent Cornell could not, at the time of the hearing on final distribution of said estate, be heard to claim that the will was revoked or became inoperative by reason of the marriage of the testatrix subsequent to the time of the execution of her will.

It is the contention of respondent that, so far as the South Dakota real estate was concerned, such marriage revoked the will or caused it to be inoperative, and that the claim of the respondent to such real estate was asserted in due season.

[1] Section 1024 of the Revised Civil Code is as follows: "A will executed by an unmarried woman is revoked by a subsequent marriage, and is not revived by the death of her husband." The law of this state in regard to the admission of foreign wills to probate is found in sections 52, 53, and 54 of the Revised Probate Code. Section 54 is as follows: "If, on the hearing, it appears upon the face of the record that the will has been proved, allowed and admitted to probate in any other state or territory of the United States, the District of Columbia, or in any foreign country or state, and that it was executed according to the law of the place in which the same was made, or in which the testator was at the time domiciled, or in conformity with the laws of this state, it must be admitted to probate, be certified in like manner according to the facts, and recorded, *and have the same force and effect as a will first admitted to probate in this state,* and letters testamentary or of administration issued thereon."

What is the effect of the probate of a domestic will? The

answer is found in section 50, Rev. Prob. Code. It is an adjudication that the will was duly executed; that the testator was at the time of the execution thereof of sound and disposing mind and not acting under duress, menace, fraud, or undue influence.

Owing to the fact that testatrix left both real and personal property in this state, it is not necessary for us to decide in this case whether the question of the revocation of the will of an unmarried woman by her subsequent marriage is also one of the questions that would be concluded by the probate of a domestic will. In other words, it is not necessary for us to pass upon the meaning of subdivision 4 of section 46 of the Probate Code, which provides that when a domestic will is offered for probate "any other questions substantially affecting the validity of the will must be tried and determined by the court." For the purposes of this case it is immaterial whether the words in said subdivision "validity of the will" should be interpreted literally, or as the equivalent of "validity of the execution of the will."

By our statute, section 1090, Civil Code, as well as by universal authority, the personal property of the testatrix in this state must be disposed of in accordance with the law of her domicile, viz.: Nebraska. The words in said section, "except as otherwise provided," have no application to the matters before us. To hold that the matters in this case are within the exception provided for in said section, as contended by appellants, would amount to a determination that the Legislature of South Dakota had ceded to foreign jurisdictions the power of determining the effect of the laws of South Dakota upon South Dakota real estate in the case of foreign wills. If not restricted by the Constitution, the Legislature may have the power to do this. But we cannot decide that it has done so, nor that it has intended to do so. Such an intention should not be presumed in the absence of clear and explicit language indicating the legislative intent. Nelson v. Potter, 50 N. J. Law, 324, 15 Atl. 375.

[2] Therefore, the will, when admitted to probate here, was valid as to such personal property, and as to it the will was not revoked, notwithstanding section 1024, Civil Code. It being valid in part, the county court of McCook county would have been obliged to admit the authenticated copy to probate, even if a contest could have been made on the ground of revocation. Even in

those few states that have a provision similar to our subdivision 4 of section 46, Probate Code, it has been held that the probate is not conclusive as to matters involving a partial revocation of a will. Estate of Pforr, 144 Cal. 121, 77 Pac. 825; Estate of Murphy, 104 Cal. 554, 38 Pac. 543; Toland v. Toland, 123 Cal. 140, 55 Pac. 681. It will be noticed that no grounds of contest or objection to a foreign will are provided by our law, except in the matters specified in section 54, Probate Code. The apparent reasons therefor are shown in the following cases: Clark's Estate, 148 Cal. 108, 82 Pac. 760, 1 L. R. A. (N. S.) 996, 113 Am. St. Rep. 197, 7 Ann. Cas. 306; State v. District Court, 34 Mont. 96, 85 Pac. 866, 6 L. R. A. (N. S.) 617, 115 Am. St. Rep. 510, 9 Ann. Cas., 418; Martin v. Stovall, 103 Tenn. 1, 52 S. W. 296, 48 L. R. A. 130; Patterson v. Dickinson, 193 Fed. 328, 113 C. C. A. 252.

When the authenticated copy was offered for probate here the situation was precisely the same as if this had been a domestic will, and, by the statute of South Dakota, the will had been revoked as to real property by the marriage of the testatrix, but had not been revoked as to personal property. In such a case the probate of a domestic will could not be the subject of contest on the ground of revocation by marriage. The will would have to be admitted to probate, and the matter of revocation as to real estate, being only a partial revocation of the will, would be a matter for later determination. The disposition of the real estate of the testatrix in South Dakota is governed by the law of this state. The Nebraska courts did not have the power to pass upon this question, and they expressly so held in regard to this very will in the case of Higgins v. Vandeveer, 85 Neb. 89, 122 N. W. 843. Furthermore, in Nebraska upon the probate of a will the only matters in issue are in reference to its execution, and the probate there is conclusive only as to such matters. Cobbey's Ann. St. 1911, § 5008.

[3] Therefore the will, when admitted to probate here, was invalid as to such real property. The admission of the foreign will to probate not being an adjudication of that question, and there being no other opportunity provided in the Probate Code for raising the question until the final distribution of the estate, we must hold that the question as to respondent's rights in the

South Dakota real estate was seasonably raised at the time of final distribution.

The judgment and order denying a new trial are affirmed.